D. Rogers *vs.* M. Rogers.

A *juror*, who upon a statement of facts submitted by a *plaintiff*, has expressed an opinion as to the liability of the *defendant*, is not *indifferent*, and upon challenge will be excluded from the panel.

An individual *it seems*, has not the right upon his own mere motion, (or remedy by the act of the party,) to abate as a nuisance a few loads of ashes laid in a highway near his dwelling.

Error from the Suffolk common pleas. M. Rogers sued D. Rogers in a justice's court in an action of *trespass* for wasting ashes belonging to the plaintiff, deposited by him in the highway within 100 feet of the defendant's house. The ashes were deposited in the evening; the next day the defendant complained that he had been insulted, and went to work and threw five or six bushels of the ashes into his own lot; for the doing of which the suit was brought. The defendant insisted

that the ashes thus deposited were a *nuisance*, and that he had a right to abate it.  He proved that the ashes were in the way of turning carriages, rendered the highway less commodious, and were a greater injury to him than to others.  On the other hand it was proved that the ashes did not impede travelling either on foot or in carriages.  The cause was tried by a jury, and one of the *jurors* was *challenged* by the defendant as not *indifferent*.  The juror stated upon oath, that the plaintiff had told him that he had laid down three loads of ashes in the highway against the fence of the defendant, and that the defendant threw a part of the ashes into his, the defendant's lot, and the plaintiff then asked him his opinion.  That he told the plaintiff if his story was correct, he thought the defendant could be made to pay for the ashes he had destroyed ; that he himself was road-master, but should not dare do such a thing.  The justice decided that the juror was indifferent, and he was accordingly sworn to serve as a juror.  A verdict was found for the plaintiff, on which the justice rendered judgment.  The common pleas of Suffolk on *certiorari* affirmed the judgment of the justice.  The defendant sued out a writ of error.

*C. Bogert*, for plaintiff in error.

*W. P. Buffett*, for defendant in error.

*By the Court*, SUTHERLAND, J.   The challenge to the juror was well taken and should have been allowed by the justice.  The opinion expressed by the juror was not founded upon a mere loose rumor of the facts, but upon information derived from the party himself, who of all other persons may be supposed the best acquainted with them.  This brings the case precisely within the principle established in *Ex parte Vermilyea*, 6 *Cowen*, 555, and the previous cases there referred to, 564.  In *Blake* v. *Millspaugh*, 1 *Johns. R.* 316, the juror had expressed an opinion that the act of the defendant for which he was sued was unlawful, and he was held incompetent.  In *Durell* v. *Mosher*, 8 *Johns. R.* 445, the juror at the same time that he expressed his opinion, stated that he had no personal knowl-

edge of the matter, but if the reports of the neighbors were correct, the defendant was wrong and the plaintiff was right. The juror was held to be competent; his opinion was founded upon mere rumor. In *Van Alstine* v. *Huddlestone,* stated in the case of *Vermilyea,* Ch. J. Spencer applied the same rule, and recognized the distinction taken in *Durell* v. *Mosher.* In the case of *Vermilyea,* the opinion of the juror was formed and expressed from having heard a previous trial of the same case ; he was held incompetent. In *The People* v. *Mather,* 4 *Wend.* 229, the right of challenge was, I think, carried somewhat farther than in the case of *Vermilyea;* but the previous cases fully cover this. The juror should have been excluded.

The obstruction of the highway by the deposite of the ashes was not, I am inclined to think, such a nuisance, according to the evidence in the case, as the defendant had a right of his own mere motion to abate. 9 *Wend.* 571. But the court of common pleas should have reversed the judgment of the justice on the first ground, and for their error in not doing it, their judgment must be reversed.

Judgment reversed.