HENRY CARNAL plaintiff in error *vs.* THE PEOPLE def'ts in error

A juror may be challenged to the favor, after a challenge to the same juror,
for principal cause, has been tried and overruled.

Where, after a challenge for principal cause had been tried and overruled, a
challenge to the same juror was interposed " to the favor," it was held that
the form of the challenge was sufficient without stating specifically the
grounds of challenge.

Where an exception is taken so indistinctly that the court can not readily
perceive the exact point of the objection, the appellate court will disregard
it. Per Mitchell, J.

This was a writ of error to the New York Oyer and Termi-
ner, where the plaintiff in error was tried for murder, Justice
Edmonds presiding, and sentenced to death. A bill of excep-
tions having been settled, a writ of error was allowed with a
stay of proceedings. The questions presented by the exceptions
are fully stated in the opinion of the court.

*H. L. Clinton* and *A. L. Jordan*, for the prisoner.

*N. B. Blunt* (Dist. Att'y), for the people.

KING. J. The first exception to the proceedings at the trial
is thus stated in the bill of exceptions:

After several jurors had been called and challenged to the
favor on the part of the prisoner and set aside, Charles
Mason was called as a juror and appeared and was chal-
lenged for principal cause on the part of the prisoner, and
the challenge denied by the counsel for the people, the said
Charles Mason having been sworn to testify the truth as to
his competency to serve as a juror, testified that he had not
formed or expressed any opinion as to the guilt or innocence
of the accused, whereupon the challenge for principal cause
was overruled, and the counsel for the prisoner then challenged

Carnal *v*. The People.

said person for favor, but the court thereupon decided that the juror having been challenged for principal cause, and on such challenge examined as to his indifferency, and said cause of challenge having been heard and decided and the juror found indifferent, it was too late to interpose a challenge to the favor, to which decision the counsel for the prisoner then and there duly excepted. Said person was then sworn as a juror to try the said cause.

It is contended on the part of the prisoner, that the court erred in refusing to allow a challenge to the favor, after challenge for principal cause had been overruled by the court.

On behalf of the people it is contended that if a party has more than one cause of challenge to a juror, he must take them all at once, and can not, after the decision of a challenge for cause, again challenge the same juror for a second cause; though he may peremptorily. And next, that the court was at liberty to refuse the challenge, no cause of challenge being alleged.

To which, on behalf of the prisoner, it is replied that challenges to the favor are to be tried by triers, and challenges for principal cause may be tried by the court: that the rule requiring all causes of challenge to be shown at once, can only mean such causes of challenge as are triable by the same tribunal; that all principal causes of challenge must be urged together, and all causes of challenge to the favor must be urged together, but not all causes both principal and to the favor at the same time.

And next, that it is not necessary to show cause of challenge to the favor, and had it been the decision of the court disallowing any challenge to the favor for the reasons assigned, rendered it unnecessary to show any cause.

Two questions arise upon the first exception presented in the bill.

First: Did the judge err in holding that after the decision disallowing a principal challenge to a juror for cause, the prisoner could not interpose a challenge to the favor in relation to the same juror.

And, second, if the judge did err, was the error committed in

reference to a point presented by the case and upon which he was called to pass, or upon an abstract proposition of law not applicable to the matter before him.

As to the first question, there are rules laid down in the books on the subject of challenges which, if taken without qualification and to the extent which the generality of their terms import, would fully sustain the position that where, upon a principal challenge for cause, a juror had been found indifferent, the same juror could not be challenged to the favor.

Lord Coke is usually cited as first collecting the learning relative to challenges, and among the general rules laid down by him is this: (*Coke's Inst.*, *p*. 158, *a*) "He that hath divers challenges must take them all at once, and the law so requireth indifferent trials as divers challenges are not accounted double." Upon his authority the same rule is repeated in *Bacon's Abridgment Title Juries* (*E.*) 11; *Burns' Justice, Title Jurors N.* 111; *Joy on Confessions, Law Library, vol.* 24, *p.* 223; *Trials per pais, vol.* 1, *p.* 197; and by *Chitty*, in his work on *Criminal Law, vol.* 1, 5*th Am. Ed. p.* 545. Upon the same authority the rule is stated, "If there be several objections to the same juror they must be all suggested at the same time." In *Trials per pais, vol.* 1, *p.* 200, it is said, "If one challenge a juror and it be found against the challenger, he may not challenge the juror for a second cause. For this no authority is cited, and it probably is only the author's deduction from the general rule laid down by Coke. In *Hale's Pleas of the Crown* (*vol.* 2, *p* 274, 1*st Am. Ed.*), it is stated, "When a prisoner challengeth for cause, he ought to show his cause presently, because it is the king's suit, but some books are that he shall not show cause till the panel be perused; but he must show all his causes together. (*Per* 24 *Eliz.*, *C. B. Brackett's case.*) This case I have not been able to find.

The general rule thus laid down by Lord Coke, it is obvious from other portions of his note on challenges, is not correct to the full extent which its terms import.

Challenges are divided by him into challenges to the array and challenges to the polls.

Carnal *v.* The People.

Challenges to-the array are subdivided into challenges for principal cause and challenges to the favor. (*Coke's Com. p.* 156, *a.*)

Challenges to the polls are said to be of four kinds; peremptory, principal, which induce favor, and for default of hundredors; the latter now obsolete. (*P.* 156, 6.)

Peremptory, without showing any cause. Principal, so called because if it be found true it standeth sufficient of itself, without leaving any thing to the conscience or discretion of triors. These principal challenges are again classified under four heads: *propter honoris respectum, propter defectum, propter affectum, propter delictum;* and in treating of challenges *propter affectum,* they are stated to be again subdivided into principal challenges and challenges to the favor (*p.* 157, *a.*), which would seem to confine challenges to the favor to challenges included in the subdivision *propter affectum.* But there appears to be some confusion in Lord Coke's classifications in first stating in his classification of challenges that there are *four* kinds, viz.: among others, principal and for default of hundredors, and afterwards subdividing principal challenge into four heads and among others a challenge *propter defectum.* He includes under this latter head a challenge for want of hundredors, which he at first classified separately; and so in respect to challenges which induce favor, first stating them as a separate class of challenges distinct from principal challenges, and afterwards including them under one head of principal challenges, he again treats of them as a distinct class (*p.* 157, 6), as challenges concluding to the favor, where either party can not take any principal challenge, but showeth causes of favor which must be left to the conscience and discretion of the triors, upon hearing their evidence to find him favorable or not favorable.

It thus seems that the correct classification of all challenges to the polls is, *first,* into challenge for principal cause, which, if found true, standeth sufficient of itself without leaving any thing to the conscience or discretion of the triors. *Second,* challenges concluding to the favor, when either party can not take

any principal challenge but showeth causes of favor, which must be left to the conscience and discretion of the triors to find the juror favorable or not favorable. And *third* peremptory without any cause assigned.

And thus challenges to the array and to the polls, so far as they are challenges for cause, admit of the same classification into principal challenges and challenges to the favor; the challenge to the array being in respect to some matter affecting the officer returning the panel of jurors, the challenge to the polls being in respect to some matter affecting the jurors individually.

The general rule first stated that divers challenges must be taken together is then first qualified by the rule laid down by the same authors that after challenge to the array disallowed a challenge to the polls may be taken.

It is further qualified by the mode in which challenges are to be stated and to be tried.

It is stated in *Joy on Confessions* (*vol.* 24, *Law Library*, *p.* 228), that when a challenge is made, the adverse party may either demur (which brings into consideration the legal validity of the matter of challenge), or counterplead by setting up some new matter consistent with the matter of challenge to vacate and annul it as a ground of challenge, or he may deny what is alleged for matter of challenge and it is then and there only that triors are to be appointed.

It seems to me probable that in early times the court, upon the established distinction that to them belongs the decision of questions of law, and to the jury the decision of questions of fact, would only have decided upon challenges when by demurrer the facts stated as cause of challenge was admitted to be true, and their sufficiency to exclude the array or the juror alone disputed; but it appears now to be established that the court may pass upon a challenge for principal cause, as well upon questions of fact as of law, and that triors are only necessary upon challenges to the favor. (1 *Chitty's Crim. Law*, 5th *Am. Ed. p.* 549.)

If, therefore, challenges to the favor can not be interposed when, upon challenge for principal cause, the juror has been

Carnal *v.* The People.

found indifferent, the party challenging is deprived of a benefit conferred by law that triors should pass upon the question of the unindifferency of the juror, and is compelled to submit to the decision of the court, which, without his assent, is not the tribunal to determine challenges to the favor. In fact, different questions arise under the two challenges; if principal cause is shown, the juror must be set aside, and if allowed to serve, it would be error which would appear upon the record, and even before the introduction of bills of exceptions in criminal cases, would have furnished grounds for reversing the judgment; but the challenge to the favor is to be determined by the conscience and discretion of the triors alone and from their finding there is no appeal.

Again, it is stated in *Jacob's Law Dictionary* by Tomlins (*Title Jury, II, p.* 579, *vol.* 3, *1st Am. Ed.*), that, " if one take a principal challenge against a juror, he can not afterwards challenge that juror for favor and *waive* his former challenge, but a challenge may be made to the polls after it has been made to the array, citing *Wood,* 592. If the work intended be Wood's Institutes of the Laws of England, I have not been able to find in it the position which it is cited to sustain, and which, if founded on authority, would go far to support the rule that all challenges for cause must be taken together and decided by one trial.

But there are authorities to the contrary.

In *Trials per pais* (*vol.* 1 *p.* 189), it is said if a man challenge a juror for nonsufficiency of freehold, and this is adjudged against him, yet he may challenge for favor and this shall be tried, citing 10 *H.* 6, 18; *Roll. Trial,* 658, *pl.* 3. Thus sustaining a challenge to the polls for favor after an adverse decision on a challenge for principal cause.

In *Hoare* v. *Brown* (*Cro. Eliz. p.* 369), in an action of replevin a defendant would have challenged the array *ore tenus,* because it was returned by one Stouner, sheriff, after he had received a writ of discharge; and it was held by the court that he could not challenge it for that cause because it would be a direct averment against the record, for it is returned by him as sheriff

and the return accepted. But by advice of the court he made his challenge to the array because it was favorably made and returned in favor of the party, &c., and issue being joined thereupon and all this matter given in evidence, the court directed the triors that it was not duly made and returned, for it was without warrant, whereupon the array was quashed. Thus sussustaining a challenge to the array for favor after a challenge for principal cause allowed.

I have thus endeavored from a careful examination of *Coke's Institutes* and *Trials per pais*, works usually cited as authorities on the subject of challenges to jurors, to ascertain if the rule that divers causes of challenge must be taken together can be held to exclude a challenge to the favor after a challenge for principal cause disallowed, and feel satisfied that such is not the meaning of the rule but that it only means that all causes of principal challenge must be taken together and be tried at the same time, and if disallowed a challenge to the favor may be interposed; but that all causes for this latter challenge must be assigned together and tried at the same time; at least, that after one trial no fresh cause of challenge to the favor can be urged, unless arising subsequently to trial.

In this state, the authorities appear fully to sustain the conclusion thus arrived at. I have carefully searched the reports for cases on the subject, and in support of the first proposition, that the prisoner has a legal right to challenge to the favor after a challenge for principal cause has been decided against him, refer to the following instances where such challenges have been taken without objection:

In *The People* v. *Freeman* (4 *Denio*, *p.* 9), Beach, a juror, was challenged for principal cause, and the challenge was overruled. He was then challenged to the favor, triors were appointed, the judge charged them, they found the juror indifferent, he was sworn, and the prisoner was found guilty. The supreme court reversed the judgment, for, among other errors, an error committed by the judge, in charging the triors. If the prisoner had not the legal right to challenge to the favor after a challenge for principal cause disallowed, however erroneous the

Carnal *v*. The People.

judge's charge might have been, no error would have been committed which could be reviewed in the court above.

In the *People* v. *Honeyman* (3 *Denio, p.* 121), Roberts, a ju-juror, was challenged for principal cause; the challenge was denied and tried by the court and disallowed. The same juror was then challenged to the favor, and the triors found him indifferent and he was sworn.

In the supreme court no comment was made upon the fact that challenge to the favor had been taken after challenge for principal cause.

In *The People* v. *Mather* (4 *Wendell*, 229), Samuel Clark· was challenged for principal cause, and the challenge was overruled; he was then challenged to the favor, and the triors found the juror not indifferent. These separate challenges are not commented upon as improper by the supreme court. These cases, strongly contested as they were, furnish some evidence that the general opinion both of the bench and the bar has been, that the same juror might be challenged to the favor after a challenge to him for principal cause had been allowed. I have entertained much more doubt on the other question presented by the exception in this case, whether the judge, whatever were his reasons, erred in refusing to receive the challenge to the favor as it appears upon the record, without cause assigned. The challenge to the favor is a challenge for cause, and if no cause is assigned, according to the doctrine, though not the practice, in the case of *The People* v. *Freeman* (4 *Denio, p.* 9), the challenge need not be received. The reported cases in this state do not, however, that I have been able to discover, disclose an instance where the general form of the challenge has been objected to; thus, in *The People* v. *Lohman* (2 *Barb· Sup. Ct. Rep. p.* 216), a juror was challenged *to the favor*, it does not appear from the record that any cause was assigned or that the omission was objected to in the Oyer or Terminer or in the supreme court, or in the court of appeals, in the report of the same case. (1 *Comstock Rep. p.* 280.) In *Freeman's case*, cited before, (4 *Denio, p.* 9) Beach was challenged *to the favor;* no cause was assigned, and Judge Beardsley, though he lays

Carnal *v.* The People.

·down the rule that a challenge without cause assigned may be disregarded, practically violates the rule by reviewing the judge's charge to triors on such a challenge without cause assigned. In *The People v. Honeyman* (3 *Denio, p.* 121), the juror was challenged for favor, on the ground of *bias against the prisoner*, a cause of challenge not more specific than the challenge itself. In *The People* v. *Bodine* (1 *Denio*, 281), Coon and M'Colgan were challenged *for favor;* no cause of challenge assigned, and the omission was not objected to. In 14 *Wend.* 131, (*Rogers* v. *Rogers*) a juror was challenged as *not indifferent;* no other cause assigned and no objection to the omission. In *The Prople* v. *Mather* (4 *Wend.* 229), Samuel Clark was challenged to the favor; no cause was assigned, and no ob ection to the omission. In *The Mechanics' and Farmers' Bank* v. *Smith* (19 *Johns. Rep. p* 115), the juror was challenged *to the favor;* no cause was assigned, and no objection made to the omission. In *The People* v. *Thorn*, N. Y. General Sessions, June, 1819, before Cadwallader D. *Colden, mayor, P. A. Jay, recorder (4 *City Hall Recorder, p.* 81), the juror was challenged to the favor and his relationship to one of the parties inquired into, and the evidence not sustaining the intended objection, it was offered to prove other facts to sustain the challenge   Emmet contended that the party must be confined to the matter first inquired into and should not be indulged in a *fishing* voyage. Colden decided, that upon a challenge to the favor, it was not necessary to specify the cause previous to trial; that a logical precision in assigning cause in this species of challenge would in general not be practicable, and in the opinion of the court would be unnecessary.

It would seem, from these cases, that in the opinion of the bench and bar, it has been sufficient merely to challenge to the favor without further or other cause assigned. Vide also 1 *Chitty's Criminal Law*, 5 *Am. ed. p.* 547: "The mode of challenging."

In Lord Coke's language, the juror must stand indifferent as ne stands unsworn; and to effect this object, full libertv appears to have been given in modern times to an examination of the

Carnal *v.* The Peopⁱe.

condition of the juror's mind and feelings [the distinctions be-
tween opinions and impressions, &c., &c., be.ng more meta-
physical often than I am able to understand]; but at all events,
an opportunity is to be afforded to ascertain something of the
juror's opinions before trusting him with the life of the prisoner;
an opportunity not likely to be abandoned in this large city
at least, where counsel, prisoner and juror meet often for the
first time in the court room; the juror acquainted with many of
the details of the accusation against the prisoner from the pub-
lic press, and the prisoner unable, save from the juror himself,
to ascertain how far that acquaintance has disqualified the juror
for giving him an impartial trial.

My conclusion, therefore, upon the whole case is, 1. That af-
ter a juror has been challenged for principal cause, and the chal-
lenge tried and disallowed, he may be challenged to the favor,
and that the judge below erred in holding otherwise.   2. That
it is sufficient to challenge to the favor without assigning other
cause than the words of the challenge import, and therefore
that the judge should, upon such challenge, have appointed
triors and that his refusal to entertain the challenge was error
for which, upon a bill of exceptions, the judgment must be re-
versed, and a *venire de novo* awarded.

The prisoner has been convicted of an atrocious crime, and
it is to be regretted that the decision of this court may enable
him to escape the punishment which the law affixes to his of
fence.   But the rule of law can not be varied to suit particular
cases; it must, in a country of laws, be universal in its appli-
cation.

It is needless to consider the other questions presented by the
bill of exceptions.

The judgment pronounced by the Oyer and Terminer should
be reversed, and a new trial ordered in the court of Oyer and
Terminer, and the prisoner be remanded to the custody of the
sheriff to await such new trial, on the indictment against him.

MITCHELL, J.—At the Oyer and Terminer in this city, Carnal
was found guilty of murder.  He has brought a writ of error to

this court, and the exceptions taken by his counsel to the rulings of the court below have been argued. The bill of exceptions states that after several jurors had been called and *challenged to the favor* on the part of the prisoner and *set aside*, Charles Mason was called, and was challenged for *principal cause* on the part of the prisoner, and the challenge denied by the counsel for the people; the said Charles Mason having been sworn to testify the truth as to his competency to serve as a juror, testified that he had not formed or expressed any opinion as to the guilt or innocence of the accused, whereupon the challenge for principal cause was overruled, and the counsel for the prisoner then challenged said person *for favor*, but the court thereupon decided that the juror having been challenged for principal cause, and on such challenge examined as to his indifferency, and said cause of challenge having been heard and decided and the juror found indifferent, it was too late to interpose a challenge to the favor; to which decision the counsel for the prisoner then and there duly excepted, and that said person was then sworn as a juror to try the cause.

It is first objected by the district attorney that no cause of challenge to the favor was specified, and that the challenge was therefore a nullity. Such seems to have been deemed the rule, if the court below choose to insist on such a rule, and to require the facts to be stated. But the practice has been different, and it has almost invariably been allowed in this city to the challenge first to interrogate the juror and get the facts from him, and then to argue on the evidence, as it may thus appear, whether he is admissible or not. And in conformity with this practice it is a frequent thing for the court to prescribe certain questions to be put to every juror, which he is to answer, and no specific cause of challenge is stated until these answers are given. Such is the course adopted in the United States courts in Philadelphia on the trials for alleged treason, now pending, and such also was the course of another branch of that court in Boston, within a few months, on similar trials. The same usage probably prevails throughout the state. Such being the case, it would be a surprise on counsel to allow them to proceed on

Carnal *v.* The People.

the trial as if the usual waiver of a form was to be allowed, and to make no objection to the omission in the court below, and then for the first time raise the objection in the appellate court.

In this case, before this juror was called, several other jurors (as the bill of exceptions stated), had been called and challenged to the favor on the part of the prisoner and set aside. Beyond any doubt they were challenged in the usual way without assigning any cause until their examination had disclosed their incompetency. It would then be a fraud on the prisoner to allow the trial to commence in such way as to lead his counsel to believe that the formality of assigning specific causes was to be waived, and afterwards, without insisting on this formality in the court below, when this defect could be immediately cured, to make it an objection for the first time in the appellate court, when there would be no opportunity of curing it. Such an injustice would be entirely contrary to the intention, as it would be to the lenient character of the judge who presided at the Oyer and Terminer. In this case the counsel for the prisoner challenged to the favor, and " the *court thereupon decided*" that such challenge could not be allowed. This was a declaration to the counsel that however formally they might put their challenge, or whatever might be the cause which they might allege, it would be disallowed. Counsel after that decision could not with propriety insist that they should be allowed to state the cause of challenge. Probably, as the bill of exceptions indicates, the counsel challenged to the favor, and the court *thereupon* or immediately on that challenge being put, stated the objection to it, and decided that it could not be made.

Besides this, there is no need in a bill of exceptions of stating more facts than are necessary to show the applicability of the point of law excepted to; that was the simple question, whether after a challenge for principal cause has been overruled, a challenge to the favor can be allowed. That was the precise point decided, and the precise point excepted to. All the facts that are necessary to present that point are, that there was a challenge for principal cause, and that it was overruled,

and that then a challenge to the favor was made. For the pur-
pose of examining the point decided and excepted to, it is
entirely unnecessary to know what the causes assigned for the
principal challenge were, or what those assigned for favor were,
and they may therefore have been omitted in the bill of excep-
tions as unnecessary, and yet have been stated in the court
below.   A fair interpretation of the bill of exceptions would
lead to a like conclusion.  It states that several jurors were
called and challenged to the favor; this means that they were
duly challenged.  It states that Mason was challenged for prin-
cipal cause; that also certainly means that he was duly chal-
lenged; and after that it states he was challenged for favor;
again, also, it can mean nothing else than that he was duly
challenged.  In any view of the case, therefore, we are com-
pelled to decide the direct question passed on by the presiding
judge of the Oyer and Terminer, and which we know he wishes
should not be avoided, and which especially in a case of life
or death should not be avoided.

It has been before stated that it has been declared that the
court *may* require the facts constituting the cause of challenge
to be stated.  If this means anything more than that the facts, as
contradistinguished from the evidence of facts, may be required,
it is believed that it would be impracticable in operation.  In
pleadings at common law, facts are to be so stated that, from
the statement made, the court may draw a conclusion as a con-
clusion *of law*.   To require therefore a challenge for *principal*
cause to state the fact is analogical and reasonable, for then the
court is to determine, as a question of law and not of fact, whe-
ther the challenge is good or not.  But challenges to the favor
do not rest on facts, from which the court can raise any inference
of law, but on circumstances having the least tendency to make
it probable that the juror may be under any bias, and which the
triors are then to pass on, not as matter of law, but of fact.
Thus a hypothetical opinion expressed by a juror, or his obtain-
ing a discount at a bank which is a party to the suit, or being
a fellow servant with a party to the suit, may be submitted to
the triors, and they may find either way, and the court will not

Carnal *v*. The People.

interfere with their finding. Either of these circumstances may
have others connected with it which may be proved in evidence,
and may determine the result one way or the order, which yet
it would hardly be proper or practicable to require to be stated
as specific causes of challenge. Many of them, too, can only
be ascertained (as is almost invariably the case) by the exami-
nation of the juror and the disclosures so made by him. If the
object be to obtain an impartial jury, no restriction that would
forbid the examination of the juror, until the specific cause of
challenge should be stated, should be allowed.

The strict rule is laid down and carried out in *Mann* v. *Glenn*,
*in* 2 *Green's Rep.* 192 (*New Jersey*). But in our courts the
correctness of the judge's decision in the court below has been
uniformly inquired into, although no specific cause of challenge
was stated. In 6 *Cow.* 555, 558, *in ex parte Vermilyea,* Judge
Woodworth says, " The most regular course would be to have
stated in the first instance the facts relied on for cause. It
seems, however, that the juror was challenged *without specify-
ing the cause,* and the question referred to the court." This,
too, was a challenge for principal cause, yet the court examined
into the propriety of the decision and ordered a new trial.

In *The People* v. *Freeman* (4 *Denio,* 9), the court say (p. 31),
"When a juror is challenged for principal cause, or for favor,
the grounds of the challenge *should* be distinctly stated, for
without this the challenge is incomplete, and *may be* (not *must
be*) " wholly disregarded by the court. This points out a rule
which it is intended *should* be followed, but the court proceeds
in the next page to show " that challenges are not unfrequently
made in general terms, which merely indicate the supposed cha-
racter of the challenge, as for *principal cause,* or *for favor,*"
and so lenient were the court then, that although the bill of
exceptions only stated that the juror was challenged for prin-
cipal cause, they inferred that cause was alleged corresponding
with the evidence from the fact that evidence was given (p
33). On the same principle it may be inferred here that cause
was alleged from the decision of the judge, or that he waived

the allegation of any cause and rested his decision on a point which would have made the allegation unnecessary and impertinent.

This brings us to the question — is it too late to interpose a challenge to the favor after a juror has been challenged for principal cause and the challenge overruled by the court?

General expressions will be found in elementary works which seem to hold the affirmative. Thus it is said in *Vin. Abr.* (*Trials L. D. pl.* 20), "He that has divers challenges must take them all at once and the law so requires indifferent trials, that divers challenges are not accounted double," quoting *Co. Litt.* 158, *a.* The same thing is said, probably on the same authority, in the same words, in *Trials per Pais* (*Ed.* 1766, *p.* 197), and in similar, though not the same language in 1 *Chitty Cr. Law*, 545, and also in *Joy on Con.* They do not, however, refer to any case which would illustrate their meaning. They do, however, indirectly show what is intended by them. The words used are broad enough to require the party to take his challenge to the array and to the polls at the same time, for they are, " he that has divers challenges must taken *them all* at once." He who has a challenge to the array and to the polls has divers challenges, yet he can not take them both at once, but must first challenge the array, and then the polls. The words also would include peremptory challenges; yet after a challenge to the polls is taken and found against the party he may peremptorily challenge the juror thus admitted. The rule therefore, is subject to qualification, and its qualification is shadowed forth in the latter part of it, when it says, " divers challenges are not accounted double." It is no objection that more than one sufficient cause of challenge is stated; that is not accounted double pleading. But if one should challenge for principal cause, and then set forth one sufficient principal cause, as that the juror was under lawful age, and added any number of good causes of challenge to the favor, that could be imagined, the last would hardly be subject to the objection of being double, for they would constitute no cause of objection to

Carnal *v.* The People

the juror on the only question before the court, which would be whether the challenge for *principal cause* was sustained. These certainly would not sustain that issue.

If then two classes of objection were united, the court would be without the power of passing on those to the favor. It could not say whether they were sufficient challenges to the favor or not — for that is a question of fact for the triors to decide, and not of law for a court to decide. Certainly there is no rule of law requiring a party to present an objection to a tribunal which can not pass on it.

The rule therefore intended by these elementary books must be, that " a party must prefer all his challenges *of the same nature and triable by the same forum,* at once. (*Ch. J. Hornblower in Mann* v. *Glover,* 2 *Green,* 196, 202.)

The party must show whether his challenge is for principal cause or for favor, that the court may know whether *it* is to pass on the question, or submit it to triors. He may have reason to believe that he has both grounds of objection — he should not lose either, as " the law (in the words of the rule) so *requireth indifferent trials.*" To obtain the benefit of both, he must be allowed to present each to the tribunal appointed by law to pass on it — the matter of principal cause to the court, and if that be found against him, then the matter for favor which the court could not have passed upon (or which if it had been alleged as principal cause, it must have been overruled as not of that character), to the triors appointed by law, or, if the parties choose, to the judge to determine, not as a principal cause but as to the favor.

A challenge might be taken as for principal cause, the evidence might show that it was not of that character, but that it clearly was sufficient to be submitted to triors. The judge would be bound to overrule it, because it did not amount to a principal cause, but for that reason must the juror, whom the triors would probably reject, be admitted? All that the judge would have decided would be that the principal cause was not sustained, he would not have passed on the question whether the juror might not still be biassed, or whether triors might not

be justified in excluding him! If the question therefore, was submitted to triors on the same evidence, it would not be on appeal from the judge to them. The judge might well say to them, that he was right in his decision, and yet that they might probably exclude the juror. Thus if, as in the case of *The People* v. *Mather* (4 *Wend.* 235), a juror should testify that he was a partner of the defendant's brother, that his partner was rich, and he poor, he contributing only his labor to the firm, that he resided with his partner, that he had read newspaper accounts of a similar trial, but had no fixed opinion of the guilt or innocence of the defendant — the court might be bound to overrule a challenge for principal cause and yet be disposed, if established for the triors, to reject the juror for favor. In the one case the decision is that the law, under the facts proved, holds the juror not to be necessarily incompetent; in the other, that there is such probable cause of bias that he ought to be rejected.

From the very nature of the challenges, it might be inferred that the one might be allowed after the other had been disallowed. For the challenge to the favor is a supposition that the bias or partiality to be proved is not such as would be in law a ground for a principal challenge. This was fully shown in the case of *The People* v. *Bodine.* ( 1 *Denio,* 281.)

The practice in our courts so far as the reports show, has been in conformity with these views. In *The People* v. *Mather* (4 *Wend.* 229, 232, 234), Clark, a juror was challenged for principal cause, and admitted by the judges; he was then challenged for favor, and triors appointed, and was rejected by them. No one intimated that there was any irregularity in this; and this case is quoted by Ch. J. Hornblower in 2 *Green. Rep.* 205, as showing that after the court has decided certain matters not to be sufficient to sustain a principal challenge, the party may submit the same evidence to triors in support of a challenge to the favor." The same course was taken without any intimation from any question that it was irregular in *The People* v. *Honeymann* (2 *Denio,* 122). Roberts was challenged for principal cause admitted by the court, who rejected evidence offered

to show *impressions* made on the juror's mind as not amounting to principal cause, although proper on a challenge to the favor, and he was then challenged for favor and the jurors also admitted him.   In *The People* v. *Freeman* (4 *Denio*, 9), two jurors were challenged for principal cause and admitted by the court They were then challenged for favor, and the court charged the triors as to the law and exceptions were taken to that charge; these exceptions were argued in the supreme court and were held to have been well taken, and on that account partly a new trial was ordered.   If in such a case the prisoner had no right to a challenge to the favor, an error in the charge of the judge could have done him no harm in law; but no such objection was raised by the attorney general or his learned associate in this case as may be inferred from the fact that none such is returned by the court in an elaborate opinion which seems to have been intended to meet every objection.   (*See p.* 34 *and p.* 15.)

The same principle is also contained in the elementary works, from which the general rule has been extracted.  It is said in *Trials per Pais* (p. 189), " If a man challenges a juror for nonsufficiency of freehold, and this is adjudged against him, yet he may challenge for favor, and this shall be tried."   The same is also stated in Vin. Abr. (*Trial, L. d. pl.* 3).   This single illustration establishes the rule — nonsufficiency of freehold is a challenge for principal cause and is to be " *adjudged* " by the court; but still after this is so adjudged the party may challenge for *favor*, and this shall be " *tried* " by triors — another forum, which could not pass on the first challenge; as the first forum, the court, could not on the last.

Authority, the practice of the court and principle seem all to concur in allowing the prisoner first to challenge for principal cause and have that " *adjudged*," by the court, and then to challenge for favor and have that " *tried* " by triors — " the law so " anxiously " requireth indifferent trials.

It is perhaps necessary, in order to prevent misapprehension in future cases to notice the mode in which the exceptions were taken to the judge's charge.   Five different propositions were

Carnal v..The People

submitted by the counsel for the prisoner, and the judge was requested to charge accordingly. After his charge was given, it is stated that he refused to charge the five propositions, except as in his charge: to which decision and refusal the counsel for the prisoner excepted. The judge had charged on the fourth proposition substantially as requested; as to the third, there was not a word of evidence to sustain it; the fifth was such every day doctrine that every juror knows it, and that the judge could not by any possibility have refused to charge it if his attention had been drawn to the fact that it was one of the requests, and that he had not stated it in his charge. After the charge, counsel should in fairness have pointed out to the court in what particulars the charge failed to comply with their request, and it might have been that they would not have been considered as having placed their finger on the point excepted to with sufficient distinctness to enable the court to perceive it. If an exception is taken so indistinctly that the court below could not readily perceive the exact point of the objection, the appellate court will disregard it.

The judgment should be reversed and a new trial had in the court of Oyer and Terminer.

Judgment of Oyer and Terminer reversed and new trial ordered