## NORTHROP *a*. BURROWS.

*Supreme Court, Sixth District; General Term, May,* 1860.

### NUISANCE.—CAUSE OF ACTION.

What obstruction of a highway is a nuisance.

Though a person is liable for unnecessary injury done by him in abating a nuisance, the kind of property constituting the nuisance, and the attending circumstances, must be considered in determining if unnecessary injury has been done.

Appeal from a judgment of a county court.

This action was brought in a justice's court to recover the value of a quantity of wood which belonged to the plaintiff, and was left by him within the bounds of the Deposit and Cannonsville Plank-road, in the town of Tompkins, in the county of Delaware. The defendant removed the wood out of the road, down a bank, and some of it fell into the Delaware river. He was a director of the plank-road company, and it was his duty, so far as the company was concerned, to remove obstructions from the road; and he was overseer of highways in the district where the wood lay. He was directed by the president and secretary of the company to remove the wood in question from the road.. The wood lay in the road a week or two, and complaint in regard to it was made to the officers of the plank-road company, and then the plaintiff was informed he must take it away, but he did not do so; and it was not until about ten days thereafter that the defendant removed it. The road where the wood

lay was on a side-hill by the Delaware river, and some fifty or sixty feet above the river. The wood lay on the upper side of the road. Some of the witnesses thought two teams could pass by it safely in the road; but most of them were of the opinion it was unsafe for teams to attempt to pass each other by the wood. Horses were afraid of it, and often shyed when they passed it. It was not shown for what reason the plaintiff left the wood where it lay. The bank was high and steep on the upper side of the road above the wood; and the defendant put the wood out of the road in the only place he could, without great inconvenience, unless he had drawn it up or down the road some sixty or seventy rods. The justice rendered a judgment against the defendant for $1.87 damages, and $4.12 costs. The Delaware county court affirmed the judgment, for the reason that the county judge thought he was not at liberty to disturb the finding of the justice on the evidence. The defendant appealed from the judgment of the county court to this court.

*M. R. Wheeler*, for the appellant.

*Palmer & Root*, for the respondent.

BY THE COURT.*—BALCOM, J.—On the supposition that the plaintiff left the wood in the road by reason of the breaking down of his wagon, on which he was drawing it, he should have removed it without unnecessary delay; and as no witness pretended it did not obstruct the road to some extent, it became a nuisance, if it lay there an unreasonable time. (See 9 *Wend.*, 584; Rex *a.* Jones, 3 *Campb.*, 230.) A man may throw wood into a highway for the purpose of having it carried to his house, but unless he remove it with promptness, he may be indicted for a nuisance. (See 1 *Sergt. & R.*, 220; 1 *Den.*, 524.) If the wood in question was left in the road for the reason I have mentioned, the plaintiff let it remain there an unreasonable time, and the defendant had the right to remove it as a nuisance.

The only other question in the case is, whether the defendant was guilty of unnecessarily or wantonly destroying the wood.

---

* Present, MASON, BALCOM, CAMPBELL, and PARKER, JJ.

Northrop *a.* Burrows.

As a general rule, a person is liable for committing a wanton or unnecessary injury, even in abating a nuisance. The kind of property constituting the nuisance, and the attending circumstances, must be considered in determining whether a wanton or unnecessary injury has been committed in removing it. (See 14 *Wend.*, 131.) The defendant was not bound to handle the wood in question with that care, or deposit it in such a place, as he would household furniture. The plaintiff did not regard the wood as of sufficient value to remove it himself, although he had notice to do so ; and it would be unjust to hold that the defendant should have carried it sixty or seventy rods in order to save it for him. In Lodie *a.* Arnold (2 *Salkeld*, 458), which was an action of trespass for pulling down a house made of bricks and other materials, and throwing the same into the sea, the defendant pleaded it was a nuisance, being a house built across the way, and that he pulled down the walls, &c., and they rolled into the sea. The plaintiff demurred, and judgment was given for the defendant. The court said, among other things, " that when A. has a right to abate a public nuisance, he is not bound to do it orderly, and with as little hurt in abating it as can be ; and, therefore, was not answerable in this case for the rolling into the sea." Blackstone says, a " nuisance may be abated, that is, taken away or removed, by the party aggrieved thereby, so as he commits no riot in the doing of it." (3 *Blackst. Com.*, 5 ; see 9 *Wend.*, 594 and 595.) Applying this law to the evidence in this case, the conclusion is unavoidable that the defendant was not guilty of unnecessarily or wantonly destroying the plaintiff's wood. It follows that the judgment of the county court and that of the justice should be reversed, with costs.

Decision accordingly.