(40 App. Div. 544.)

### LAWTON v. OLMSTEAD.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

1. PUBLIC NUISANCE—OBSTRUCTION OF HIGHWAY.
    Logs piled in a highway, so near that if one rolled off, it would cross the traveled track, constitute a public nuisance.
2. SAME—SPECIAL INJURY—LIABILITY OF OWNER OF PROPERTY.
    Where one who is under contract to haul logs of another to a mill leaves some of them in a highway, so as to constitute a public nuisance, the owner, who, with knowledge thereof, neglects for an unreasonable time to remove them, is liable to one sustaining special damage therefrom.
3. SAME.
    An unexplained delay of five days by an owner in removing ten logs placed in a highway by another was unreasonable, so as to make him liable for special injury therefrom.
    Putnam, J., dissenting.

Appeal from Saratoga county court.

Action by Herbert F. Lawton against John W. Olmstead. From a judgment of the justice's court for plaintiff, defendant appealed to the county court, which reversed the judgment, and plaintiff appeals. Reversed.

The action was brought to recover damages against defendant for injury caused to plaintiff's wagon by running against a log that rolled from a pile of logs belonging to defendant which had been left in the highway during the spring and summer of 1896.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Horace E. McKnight (R. P. Anibal, of counsel), for appellant.
John H. Burke, for respondent.

PARKER, P. J. From the undisputed evidence in this case, I think we must assume the following facts: That the logs, piled in the highway, but a few feet from the traveled track, were a public nuisance; that although they were placed there by Whitaker without the defendant's knowledge, and under a contract which gave Whitaker the sole control of them until delivered at the mill.

or river bank, yet the defendant learned as early as the Sunday before the Friday on which the injury was sustained that they were his logs, left there by Whitaker while performing such contract; also that he (defendant) at that time refused to give 25 cents, "per market," to have them hauled over to Sumner's mill, and neglected to have them removed at all during the five days intervening before the injury. The question is therefore presented whether such facts, as matter of law, show a liability upon the defendant's part for the damages which the plaintiff sustained. If they do not, the plain error committed by the justice in excluding Whitaker's evidence as to what the contract was between the defendant and himself required a reversal of the justice's judgment. But if such liability, upon those conceded facts, follows as a matter of law, then such error was a harmless one, and the judgment of the justice was correct. After some doubt, I reach the conclusion that such facts establish, as matter of law, a liability against the defendant. On the Sunday in question, the logs, thus piled in the public highway, and so near that, if one rolled off, it would cross the traveled track, were undoubtedly a public nuisance. Cohen v. Mayor, etc., 113 N. Y. 535, 537, 21 N. E. 700. Concede that up to that time defendant had no part in creating that nuisance, yet from that date his logs, to his knowledge, were stored in a place where it was unlawful to pile them, and where they created a public nuisance, and such nuisance was of such a character as was liable to cause special injury to the traveler who passed them. It seems clear that, as between the public and the defendant, it was his duty to remove that nuisance. As against Whitaker, he might demand that he complete the contract by hauling the logs to the place of delivery, and he might abandon them to Whitaker until he did so. But, I cannot see how Whitaker's neglect justified the defendant in permitting his property to remain an obstruction and a nuisance in the public way. Undoubtedly the defendant had the right to take them out of the highway. Whitaker for six months or more had abandoned them, and as they there lay they were the defendant's property, under his full control. Undoubtedly he had a reasonable time to remove them after discovering that they were his, but, being his property, it was his duty to see that they did not remain a nuisance. He had no more right to adopt Whitaker's plan of utilizing the highway as a dumping ground, than he had to place them there in the first instance. By omitting to remove them within a reasonable time, he continued the nuisance, and is responsible to any one suffering special damage from the same. In Northrop v. Burrows, 10 Abb. Prac. 365, it is held that, if one who was compelled to leave a load of wood in the highway because of the breaking of his wagon leaves it there an unreasonable length of time, it becomes a nuisance, and may be abated. My doubt has arisen as to whether the question of reasonable time was not a question of fact to be passed upon by the justice before whom the case was tried. We cannot assume that he passed upon that question against defendant, because it may be that he considered Whitaker as the defendant's servant, and therefore held

him liable as having created, rather than having continued, the nuisance. But the omission for five days, unexplained, to remove a pile of ten logs from the highway, seems so clearly an unreasonable delay, that I am of the opinion that, upon the facts as presented to him, the justice would not have been warranted in holding any other way. Therefore I conclude that, upon appeal from his judgment, such delay should be held unreasonable, as matter of law. Upon this view of the case, the justice was right in holding the defendant liable.

As to the amount of damages, although they seem large, I see no good ground for an appellate court's interfering with the conclusion of the justice thereon.

Judgment of the county court reversed, and that of the justice affirmed, with costs to the plaintiff in this court and in the court below. All concur, except PUTNAM, J., dissenting.