### TRIAY v. RICHARD CARVEL CO., Inc.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

1. MUNICIPAL CORPORATIONS ⟷775—NUISANCE—LUMBER IN HIGHWAY.

A pile of lumber, left without necessity and without permit partly on the sidewalk and partly in the roadway by a contractor for a work of public improvement, is a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1630; Dec. Dig. ⟷775.]

2. MUNICIPAL CORPORATIONS ⟷817(2)—INJURIES ON SIDEWALK—PRIMA FACIE CASE.

Evidence that plaintiff, a child of 6, while lawfully on the sidewalk, stumbled over a plank which had been dumped by a contractor for public work in the highway without necessity or permit, made out a prima facie case of liability of the contractor to the child.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1725; Dec. Dig. ⟷817(2).]

3. MUNICIPAL CORPORATIONS ⟷821(21)—NEGLIGENCE ⟷136(30)—INJURIES ON SIDEWALK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action against a contractor for a public work for injuries to a child, who tripped over a plank which had been dumped by defendant

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the sidewalk without permit or necessity, the question of contributory negligence of the child or its mother was for the jury under proper instructions.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1754; Dec. Dig. &#9758;821(21); Negligence, Cent. Dig. §§ 350–352; Dec. Dig. &#9758;136(30).]

Appeal from Bronx County Court.

Action by Virginia Triay, an infant, etc., against the Richard Carvel Company, Incorporated. From a judgment for defendant, entered on dismissal of the complaint upon trial, and from an order denying new trial, plaintiff appeals. Judgment and order reversed, and new trial granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

William S. Evans, of New York City, for appellant.
Nathan F. Giffin, of New York City, for respondent.

SCOTT, J. [1-3] The plaintiff, a child 6 years of age, stumbled over a plank, being one of a number which had been dumped by the defendant in the highway, partly on the sidewalk and partly in the roadway. This pile of lumber constituted a nuisance. Lawton v. Olmstead, 40 App. Div. 544, 58 N. Y. Supp. 36; Place v. Delaware, L. & W. R. R. Co., 157 App. Div. 24, 141 N. Y. Supp. 970. It is true that defendant was a contractor for a work of public improvement, and that he probably intended to use the lumber in his work; but he had received no permit to place the lumber where he did place it, nor does it appear that any necessity of the work required that it should be so placed and kept for several days. The plaintiff was lawfully using the sidewalk, and the evidence made out a prima facie case of liability against the defendant. Whether there was contributory negligence on the part of the child or its mother was for the jury under proper instructions. We certainly cannot say that such negligence appeared from the evidence as matter of law.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.