THOMAS RYAN, AS ADMINISTRATOR OF THE ESTATE OF JOHN S. RYAN, DECEASED, RESPONDENT, v. THE LONG ISLAND RAILROAD COMPANY, APPELLANT.

*Duty of a railroad company to give warning signals of bridges — liability of, to an employee for an omission to do so.*

In an action, brought to recover damages for the death of the plaintiff's intestate, it was proved upon the trial that the deceased was a brakeman on the defendant's railroad; that near Jamaica, in Queen's county, four low bridges crossed the defendant's tracks in close proximity, and that the defendant had placed warning signals, consisting of a set of cords or wires suspended from a horizontal bar, about 100 feet from the east side of the east bridge, and about the same distance from the west side of the west bridge, and none for the two intervening bridges.

Early on the morning of the 4th of April, 1887, and while it was very dark, the deceased, while engaged in his employment as brakeman, passed through the western bridge, on a train going east, safely, but was killed by the second bridge.

*Held*, that, assuming that the defendant was required by chapter 439 of 1884, to erect these warning signals at each bridge, the plaintiff was not entitled to recover, as it was shown that the deceased had passed these bridges for three months, and that it was fully understood by the employees of the defendant that these bridges had warning signals at each end of the four bridges, and that these signals were a warning for all the bridges.

That the warning signals were apparent and the deceased assumed the risk of an omission of any others.

*De Forest* v. *Jewett* (88 N. Y., 264); *Gibson* v. *Erie Railroad* (63 id., 449) followed.

APPEAL by the defendant from a judgment in favor of the plaintiff at the Suffolk County Circuit on May 7, 1888, upon a verdict rendered by a jury, which judgment was entered in the office of the clerk of the county of Suffolk on May 11, 1888, and also from an order made upon the minutes of the justice presiding at the trial, denying a motion to set aside a verdict and for a new trial, which was entered in the said clerk's office on May 15, 1888.

The action was brought to recover damages for the death of the plaintiff's intestate, his son, who received fatal injuries on the 4th day of April, 1887, while in the defendant's employ.

*E. B. Hinsdale*, for the appellant.

*George C. Hendrickson*, respondent's attorney.

BARNARD, P. J.:

The deceased was a brakeman on the Long Island Railroad. There are four low bridges near Jamaica in Queens county. Early on the morning of the 4th of April, 1887, and while it was very dark, the deceased, while engaged in his employment as brakeman on the top of his car, was killed. There are four low bridges in close proximity. The defendant had omitted warning signals about 100 feet from the east side of the east bridge, and about the same distance from the west side of the western bridge, and none for the two intervening bridges. The train was going east when the accident occurred. The deceased passed through the western bridge safely, but was killed by the second bridge. Assuming the utmost extent of liability to be imposed by chapter 439, Laws of 1884, and that they were bound to erect these warning signals at each bridge, there is no right of action for the injury. It was a task assumed by the employee. He had passed these bridges for three months, and the case fully shows that

it was understood by the employees that these bridges had warning signals at each end of the four bridges, and that these signals were a warning for all the bridges. Hannigan and Hays, the two brakemen called by the plaintiff, so testify. The warnings were apparent and the deceased must take the risk of an omission of the same. (*De Forest* v. *Jewett*, 88 N. Y., 264; *Gibson* v. *Erie R. R. Co.*, 63 id., 449.) The complaint should have been dismissed.

Judgment reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.