HENRY B. DUKES, RESPONDENT, *v.* THE EASTERN DISTILLING COMPANY, APPELLANT.

*The continuance and adoption of a nuisance — liability for the injury resulting from it*

The defendant, a domestic corporation, carried on business on premises which were in part on one side of the tracks of the Long Island Railroad and in part on the other: a bridge, which was at the time of the accident fourteen feet eleven inches above the top of the rails, connecting the buildings on each side of the railroad. The cars used by the railroad were from ten feet to twelve and a half feet high. The railroad company had consented to the building of this bridge; subsequently, however, and before the accident, the company had notified the defendant that the bridge was dangerous and that it must be removed; and this notice was repeated but was not obeyed by the defendant until the accident occurred.

In September, 1885, just before passing under this bridge, a signal was given by an engineer on a train by which the plaintiff, a newly-engaged brakeman, was directed to apply the brakes to the train. While standing on top of the car in order to apply the brake, he was hit by the bridge which inflicted a severe injury. *Held,* that he was entitled to recover for the injuries so sustained.

That it was not important whether or not the company owned the premises, as any person who continues and adopts a nuisance is responsible for an injury caused thereby.

APPEAL from a judgment recovered by the plaintiff upon the trial of an action at the Kings County Circuit on April 17, 1888, before the court and a jury, which was entered in the office of the clerk of Kings county on April 20, 1888, and from an order dated April 18, 1888, made upon the minutes of the justice presiding at the trial, denying the defendant's motion for a new trial.

The action was brought by the plaintiff, who was employed as a brakeman by the Long Island Railroad Company, to recover damages for injuries alleged to have been sustained by the wrongful act of the defendant in erecting a bridge over the tracks of the said railroad, to connect buildings standing on premises occupied by the defendant between which the tracks of the railroad were laid.

*C. Bainbridge Smith,* for the appellant.

*Chas. J. Patterson,* for the respondent.

BARNARD, P. J.:

The defendant is a domestic corporation carrying on the business of distilling spirits at Blissville in Queens county. The premises occupied by the firm are partly on one side the track of the Long Island railroad and partly on the other. There is a bridge connecting the buildings on each side of the railroad. This bridge, at the time of the accident, was fourteen feet eleven inches above the top of the rails. The cars were from ten to twelve and a half feet high. Some of these cars call for a brakeman to operate his brakes on top of the car. In September, 1885, just before passing under this bridge, a signal was given by a railroad engineer to apply brakes to the train. The plaintiff was a newly-engaged brakeman, and stood on top of the car to apply his brake when the bridge hit him and inflicted a severe injury. The bridge was built with the consent of the railroad company, and has been enlarged some with like consent. This consent was no defense to the construction of a dangerous nuisance.

The railroad company subsequently, and before the accident, notified the defendant that the bridge was dangerous and that it must be removed.  This notice was repeated, but was not heeded by the defendant until the accident happened.  It is not important whether or not the company owns the premises.  Whoever continues and adopts a nuisance is responsible for an injury caused thereby as if he constructed it.  (*Wasmer* v. *Delaware, Lackawana and Western Railroad Company*, 80 N. Y., 212.)  The defendant maintained this structure until right after notice to remove it.  No length of time without accident will excuse the defendant for an accident when it does happen.  It was only a question of time when a signal to brake would be given just before reaching the bridge, and a brakeman, who was ignorant of the obstruction, should go on the car as he was in duty bound to do, and the accident would happen, of course.  The brakeman was free from fault.  The smoke from the engine hindered him from seeing the bridge.

The judgment ought, therefore, to be affirmed, with costs.

Pratt, J., concurred.

Judgment and order denying new trial affirmed, with costs.

