WILLIAM H. NEFF, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Trespasser on a railroad — liable for damages — a superstructure over the track is not per se a nuisance — failure to use "tell-tale" signals — who is liable therefor.*

If a trespasser on a railroad causes an injury to the employees or passengers of the railroad company the trespasser will be liable for the damages he has thus caused.

A superstructure across the tracks of a railroad, of a height insufficient to allow brakemen on freight trains passing under it to stand on the top of the freight cars, is not *per se* illegal.

If it be conceded that the use of "tell-tale" signals on a bridge is so general that a failure to maintain them may be deemed negligence, even in the absence of a statute requiring their use, the duty of maintaining them devolves upon the railroad corporation whose tracks run under the bridge, and not upon the corporation whose tracks are upon the bridge.

APPEAL by the plaintiff, William H. Neff, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 8th day of December, 1893, upon the dismissal of the complaint, directed by the court after a trial at the Orange Circuit, before the court and a jury.

*John W. Lyon*, for the appellant.

*Ashbel Green* and *A. S. Cassedy*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment entered upon a nonsuit at Circuit. The plaintiff was a brakeman in the employ of the Erie Railway Company. At a point some short distance west of Jersey City, in the State of New Jersey, the West Shore railroad, which is leased and operated by the defendant, crosses the Erie railway on a bridge which is eighteen feet above the rails of the last-named road. There were no " tell-tales " on the bridge. The plaintiff was on the top of a refrigerator car in a train on the Erie road, and, while the train was passing under the bridge, was struck by it and severely injured. For this injury he has sued the defendant.

The theory upon which it is sought to enforce a liability against the defendant is that the bridge was *per se* a nuisance, and that the defendant was guilty of maintaining a nuisance. We think this proposition cannot be sustained. The duty of maintaining its railroad reasonably safe for operation by its servants rested on the Erie Company, not on the defendant. Undoubtedly, if any trespasser on a railroad caused an injury to its employees or passengers, the trespasser would be liable. But there was no proof or claim that the defendant was a trespasser. On the contrary, it must be assumed (premising that defendant's road was constructed after the Erie railway) that the bridge was built with the assent of the Erie Company. The question then is whether a structure across a railroad, of height insufficient to allow brakemen to stand on the top of freight cars, is *per se* illegal. There is no statute to be found in this State, nor proof of any in the State of New Jersey, to show that such is the law. The New York statute (Chap. 439, Laws of 1884), directing that railroads shall place warning signals at every low bridge or structure which crosses the track, recognizes the legality of such bridges and structures. It is a matter of common knowledge that the vast majority of bridges and tunnels are of height insufficient to permit persons to stand on the cars while passing under or through them. The reports are full of cases of. injuries to railroad employees arising from such bridges or structures, yet, with one exception, to be commented on hereafter, we cannot find any

authority for the claim that it is illegal or negligent to maintain such a structure. In *Wallace* v. *Central Vermont R. R.* (138 N. Y. 302) · (the latest case on the subject), where a nonsuit was reversed, the negligence of the defendant was placed on the condition and location of the warning signals, but no suggestion was made that the bridge itself was improper.

The principal authority relied on for the plaintiff is *Dukes* v. *Eastern Distilling Company* (51 Hun, 605). In that case the plaintiff, a brakeman on the Long Island railroad, was injured by a bridge placed by the defendant over the railroad. The case was affirmed by the Court of Appeals without opinion. In the opinion at General Term it is said : " The bridge was built with the consent of the railroad company, and has been enlarged some with like consent. This consent was no defense to the construction of a dangerous nuisance." These isolated expressions would doubtless sustain the plaintiff's claim, but they were entirely *obiter*. A reference to the printed appeal book shows that there was no such point in the case. At Circuit the exact contrary was assumed to be the law. The trial judge charged, " but before the plaintiff can recover, you must be satisfied that the structure was unlawfully there ; that is to say, that the company never consented that it should be put there, and if it did consent, it subsequently revoked that consent, and notified the distillery company to remove it." The dictum of the distinguished presiding justice in the *Dukes* case would seem in conflict with his own opinion in *Ryan* v. *Long Island R. R. Co.* (22 N. Y. St. Repr. 654) where the defendant was held not liable for failure to place warning signals on the interior bridges of a group of five low bridges.

As to the absence of " tell-tales " on the bridge, no statute of New Jersey was proven making it a duty to maintain such signals. If it be conceded that the use of such signals is now so general that a failure to maintain them may be deemed negligence, even in the absence of statutory requirement, we think the duty of such maintenance devolved upon the Erie Railroad Company, not upon the defendant.

The judgment appealed from should be affirmed, with costs.

Dykman, J., concurred ; Brown, P. J., not sitting.

Judgment affirmed, with costs.