## COUGHLIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    March 8, 1901.)

1. STREET RAILROADS—NEGLIGENCE—EVIDENCE—JURY—ALIGNMENT OF TRACK.
   Where a competent civil engineer testified that defendant's street-railway track, at the point where a conductor was thrown from his car and injured, for which suit was brought, was dangerously out of alignment, and three former conductors each testified that he had been thrown from his car at the same point between one and two years before, and that he had verbally reported the occurrence to defendant's predecessor, the question of defendant's negligence was for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   A street-car conductor was thrown from his car and instantly killed at a point where the track was dangerously out of alignment.    There was no one else on the car except the motorman, who did not see the accident, A witness two blocks away saw the conductor thrown from the interior of the car, and the car rock from one side to the other, as though to jump from the rail.    Held, that the question of decedent's contributory negligence was for the jury, since the accident could have occurred without any fault on his part, and his having been over the line before did not operate to take the question from the jury.

Appeal from trial term, Kings county.

Action by Mary Coughlin, as administratrix of the goods, chattels, and credits of John J. Coughlin, deceased, against the Brooklyn Heights Railroad Company.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Stephen C. Baldwin, for respondent.

HIRSCHBERG, J.    The evidence is conflicting.    The defendant contends that there is no proof that the tracks at the place of the accident were dangerously out of alignment.    But the plaintiff produced a competent civil engineer, who testified to the contrary, and also three ex-employés of the company predecessor to the defendant in interest, who each testified that while acting as a conductor he had been thrown from a car at the point where the accident now complained of occurred, the period ranging from one to two years before the accident in question.    This evidence required the submission to the jury of the question of defendant's negligence, and supports their finding adversely to the defendant on that branch of the case.    It is true that the reports of the occurrences herein noted were made orally to the prior company, and not in writing, and that there is no direct evidence that they actually came to the defendant's knowledge; but the condition of the track as it must be assumed the jury found it lasted from the time the line was leased by the defendant until this accident occurred, and it cannot be said as matter of law that sufficient time had not elapsed to charge the defendant with constructive notice.

The evidence also tended to show that, by reason of the defect in the track, the plaintiff's decedent, the conductor on one of defendant's

68 N.Y.S.—70

cars, was thrown from his car and killed. There are slight discrepancies and divergencies in the evidence, as often occur in trials, but the proof fairly establishes that the accident occurred at the point where the other witnesses alleged the defect in the track existed, and that it was occasioned by it. The conductor was alone in the car, but was seen to be thrown from the interior of the car by a witness, who testified that he "saw the car rock from one side to the other as though to jump from the rail." This evidence, with that before referred to, proves that the accident could have occurred without any fault on the part of the deceased, and required the question to be submitted to the jury whether he was free from contributory negligence. Woodworth v. Railroad Co., 55 App. Div. 23, 66 N. Y. Supp. 1072, and cases cited. So, too, the fact that the conductor had made a number of trips over the line before was a proper matter for consideration on this question, but did not, under the authorities, operate to take the question from the domain of the jury. Wallace v. Railroad Co., 138 N. Y. 302, 306, 33 N. E. 1069. The charge was a very careful one, in which the law was clearly and correctly expressed, and no ground appears to justify interference with the result. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.