### STATE *versus* HART *& al.*

In the trial of an indictment alleging facts and concluding " against the peace and contrary to the form of the statute," the Judge, though requested, is not bound to instruct the jury, whether the indictment is, or is not sustainable at common law.

In an indictment for exercising a noxious trade in a public locality, it is no defence, that the town or city authorities have omitted to assign any place for the exercise of such a trade.

An indictment for a public nuisance charged, that the defendant *in the exercise of his trade*, collected and kept certain (specified) articles in a corrupted state, "*and in manner aforesaid*" collected and kept other (specified) offensive matters; — *Held,* that the indictment sufficiently alleged, that it was *in the exercise of the trade*, that the last mentioned offensive matters were collected and kept.

ON EXCEPTIONS from the District Court, EMERY, J.

INDICTMENT for a common nuisance. Plea, not guilty.

State *v.* Hart.

The indictment charged in substance, *that* the defendants in Portland, near to several dwellinghouses, and upon a public street, erected, maintained and used a shop for the purpose of pulling wool and sheep-skins, and of soaking, sweating and pulling wool and sheep skins, and of exercising the trade and business of pulling wool; *that* the defendants did exercise that trade and business, in and about the shop, and did, in the exercise of such trade and business, collect and keep, in and about the shop, large quantities of tainted, rotten and offensive sheep-skins, and of impure, polluted and offensive water; and did, " *in manner aforesaid,*" collect, and suffer to be collected, and to remain within and about said shop large quantities of offal, filth and other polluted, noisome and offensive substances; " *by reason of which said premises*" divers noisome, unwholesome exhalations and stenches were emitted from said shop, &c., to the common nuisance, &c., against the peace and contrary to the form of the statute.

There was much testimony in the case.

The prosecuting attorney propounded to a witness for the government the question, " Do you or not know of noxious exhalations, or offensive smells proceeding from the building of defendants, named in the indictment, prior to the time laid?" To that inquiry the counsel for the defendants objected, for the reason that there is no allegation in the indictment that the exercise of defendants' trade, in the place laid, occasioned such exhalations and smells; and contended that the prosecuting officer, when inquiring in respect to the alleged exhalations and smells, should be held to discriminate between the separate causes or sources of such effects, supposed to be intended in the indictment, and to apply his questions to one or the other cause; and not in any general terms which might embrace both. The presiding Judge overruled the objection, and instructed the jury that, in drawing indictments, it was not unusual to introduce words and phrases in aggravation of the offence, and that proof of all such allegations was not necessary, but that they were to weigh the whole testimony in the case, and to decide whether or not all the sub-

stantial and material allegations in the indictment were proved.

Defendants' counsel requested the Court to instruct the jury that the indictment was not sustainable at common law, but only under the statute ; and that the indictment was not sustainable without proof by the government that an assignment had been made under sect. 2, chap. 164, of a place for the prosecution of the sort of business complained of, and that defendants were conducting the business in violation of such assignment, which several instructions the presiding Judge declined to give. The jury returned a verdict of guilty, and the defendants excepted.

*Barnes*, for the defendants.

1. The indictment charges two distinct offences in one count ; viz. the exercise of a noxious trade, and the collection of offensive substances around the shop ; or else there is a mixture of both charges, leaving it uncertain which of the two causes produced the evil complained of, or whether all the narrative respecting the trade and business was but inducement to the charge of collecting the offensive substances. This uncertainty unallowably embarrassed and prejudiced the defence.

2. It cannot be gathered from the indictment whether the business, by its own character and location, produced the evil, or whether the evil was occasioned by the negligent and careless mode of conducting it, by an unnecessary collection of the offal, &c. If, in point of fact, it was the latter cause, then an indictment for *that* cause would have corrected the evil, leaving the lawful business to be pursued in a proper manner.

What the jury found in this respect cannot be known, for it is impossible to decipher what the indictment intended.

3. The indictment presents no means from which to ascertain what should be the judgment and sentence. If an abatement should be ordered, will it be of the shop or of the offal ? If an injunction, will it be of carrying on the lawful trade, or of collecting offal ? If a fine, for which ?

4. The requested instruction, that the indictment is not

sustainable at the common law, should have been given. The clear and exact statute definitions of offences and the discriminations as to the penalties, require this rule. Good policy as well as justice forbids that offences thus laid down by statute, shall be held also indictable at common law.

5. The terms of the R. S. chap. 164, and especially the provisions for the penalty, in sect. 2, show, that the exercise of a trade is not punishable, except when other places for carrying it on have been duly assigned by the town or city authorities.

These statute provisions furnish confirmation that the indictment is insufficient. For, suppose a place for carrying on the trade had been assigned, and the defendants' shop were within that place, what protection would the statute give for collecting the offensive offal?

*Tallman, Att'y General,* for the State.

SHEPLEY, C. J., orally. — The objection to testimony assumes, that the indictment charges, in the same count, two distinct proceedings on the part of the defendants, and that, therefore, the government, in its proofs, were bound to discriminate which of those proceedings occasioned the injurious results alleged. But the indictment is not thus defective. It charges, *that* the shop was erected and maintained for the purposes of the trade described; *that* the defendants did therein carry on that trade, and in the exercise of that trade, collected and kept certain offensive matters; and, *that in manner aforesaid,* they collected and kept certain other specified offensive matters, and, *that by reason of the premises,* that is, by the exercise of the trade, and by collecting the offensive matters *in the exercise of the trade,* the evil results followed. The term, "premises," used in the indictment, includes both the exercise of the trade and the accumulation of the hurtful materials in that exercise of the trade. The defendants requested, that the question to the witness should be limited either to the exercise of the trade, or to the accumulation of the noxious matter. But, as the indictment included both,

State *v.* Hart.

there was no ground for the request; and there was no error in admitting the answers, as they were given.

When an indictment alleges particular facts, and that those facts constituted an offence, the government is to prove the facts, and is entitled to prove them *all*. Whether the facts are properly alleged, or, if proved, would constitute a crime, cannot be raised in the examination of testimony. Those points would be properly presented on motion in arrest of judgment.

The defendants requested instruction to the jury, that the indictment was not maintainable at the common law.

The indictment alleges certain facts, and concludes, " against the peace and contrary to the form of the statute." It therefore proceeds expressly upon the *statute*. When an indictment claims a conviction upon a *statute*, can the Court be required to instruct the jury whether it could be sustained at the common law? That would not be a question for the jury, and the Judge was not bound to give them that instruction.

The defendants claim that an indictment for exercising a noxious trade is unsustainable, unless some place for the exercise of it had been previously assigned.

The stat. chap. 164, sect. 2, provides that the selectmen, &c. may, " when they judge it necessary," make such an assignment. They are not required to do it, unless they judge it necessary.

Then, are persons allowed to exercise such a trade, in any place they may choose, merely because it has not been thought necessary to assign a particular place for it.? We think the offence is not made to depend upon the exercise of that power by the selectmen, but rather the contrary. The obvious intent of the first section is to prohibit such nuisances. The second section, by authorizing the assignment of places, even before the evils had occurred, rather accumulates the power to prevent such offences. The requested instruction, therefore, could not legally have been given.

*Exceptions overruled. —*

*Case remanded to the District Court.*