## THE STATE OF INDIANA v. THOMAS HOUCK AND LEONIDAS HOUCK.

*Nuisance.*—In a prosecution for criminal nuisance, the affidavit and information, or the indictment should show that the nuisance was to the injury of some portion of the citizens of the State. Nor is a general conclusion that it is to the great injury, etc., of all the citizens of the State sufficient.

Filed April 21, 1881.

Appeal from Henry Circuit Court.

D. P. Baldwin, Attorney General; W. W. Thornton and William A. Brown, for appellant. Mr. Brown distinguished *State* v. *Mains*, 42 Ind. 327.

Joseph M. Brown, for appellee, cited *Walker* v. *State*, 23 Ind. 62, as to the insufficiency of the information; *Mains* v. *State*, 42 Ind. 327; *Rosenbaum* v. *State*, 42 Ind. 599, as to the necessity of strict pleading in criminal proceedings and as to the requisite averments.

Opinion of the court by Mr. Justice Worden.

Prosecution by affidavit and information against the appellees for nuisance. Affidavit and information quashed on motion of defendants; exception and appeal by the State.

The affidavit, which was substantially followed by the information, charged that Thomas Houck and Leonidas Houck, on the 1st day of August, 1880, at said county of Henry, and State aforesaid, did then and there unlawfully keep, continue and maintain a certain house, to-wit: a slaughter-house, for the purpose of killing and slaughtering cattle, hogs and sheep, said house being then and there situated on the following tract of land in Henry county, to-wit: (description) "and that said Thomas Houck and Leonidas Houck, on the day and year, and at the place aforesaid, and on divers other days and times between that day and the day of the filing of this affidavit, at the place aforesaid, did then and there unlawfully, in and about said slaughter-house, put tripe, entrails, bones and offal of beasts, and did then and there unlawfully and knowingly permit and suffer said tripe, entrails, bones and offal of beasts to be and remain in and about said slaughter-

house so kept and maintained by them, the said Thomas Houck and Leonidas Houck, for a long period of time, to-wit: for the space of one hundred days thereafter; by reason whereof divers noisome, offensive and unwholesome smells and stenches were then and there emitted, so that the air for a great distance around said tripe, entrails, bones and offal of beasts, to-wit: for the distance of one-fourth of a mile, was thereby greatly filled and impregnated with the said smells and stenches, and was rendered offensive, uncomfortable, unwholesome and noxious, to the great injury, annoyance and common nuisance of all the citizens of the State of Indiana, then and there residing in the neighborhood of said slaughter-house, and to those passing and repassing said slaughter-house, and that said nuisance ought to be abated."

In order that a nuisance shall amount to a criminal offense, it must be to the injury of some part of the citizens of the State (2 R. S. 1876, p. 460), and this fact should be made to appear by the affidavit and information, or the indictment.

It may be observed that the description of the land on which the slaughter-house was affirmed to have been situate, does not indicate that it was in any public place, as upon a town or city lot.

Nor does it appear by the affidavit that any one resided within the limits of the quarter of a mile, to which extent the air was contaminated. Persons may have resided within the neighborhood of the slaughter-house, but not within the quarter of a mile mentioned. The term "neighborhood" is one of indefinite signification.

There is no direct affirmation in the affidavit that the slaughter-house was in any public place, if from such statement it could be inferred that it was injurious to some part of the citizens of the State; nor is there any affirmation that any person resided within the limits of the extent to which the air was contaminated, nor that any person passed or repassed the slaughter-house within the limits indicated.

In short, no facts are stated to show that any part of the citizens of the State were injured.

The general conclusion, "to the great injury, annoyance and common nuisance of all the citizens of the State," etc., does not

supply the defect in the main body of the allegation. *Mains* v. *The State*, 42 Ind. 327.

The court below committed no error in quashing the affidavit and information.

The judgment below is affirmed.