Rogers *v.* Hanfield.

---

GEORGE W. ROGERS, Respondent, *against* DE WITT C. HANFIELD *et al.,* Appellants.

(Decided December 5th, 1887.)

The fact that a city ordinance requiring certain precautions to be taken in all cases of blasting is complied with, does not prevent the continuance by the court of an injunction *pendente lite* granted plaintiff, restraining defendants from " so blasting the rock on the premises adjoining the premises of the plaintiff that any rock so blasted shall

---

* Part of the opinion, relating to a question not affecting the decision, is omitted.

fall or be thrown upon the premises of the plaintiff, or said premises be in any way injured." The ordinance, being general, is for the protection of the public; the court may go further, and, where special reasons exist, compel the excavator to carry on the blasting without imperilling adjoining premises.

APPEAL from an order of this court containing a preliminary injunction.

The plaintiff is owner of a lot of land on the corner of 70th Street and 9th Avenue, in the City of New York, upon which he is erecting a building. His work has progressed up to the laying of the first tier of beams. The defendants are engaged in clearing from rock premises next adjacent on the north, and plaintiff alleges that they have been negligent in their blasting, so that large quantities of loose rock have been hurled upon his premises and into his cellar, to his great detriment and injury; that defendants have threatened to continue blasting with the same disregard of his rights, and that he fears irreparable injury therefrom. The defendants deny all imputations of malice on their part, as well as the fact that any substantial injury has been done.

An injunction was granted *pendente lite* restraining the defendants from "so blasting the rock on the premises adjoining the premises of the plaintiff, that any rock so blasted shall fall or be thrown upon the premises of the plaintiff, or said premises be in any way injured." From the order, made after argument on the return of the order to show cause, containing such temporary injunction, during and until the determination of the action, defendants appealed.

*George H. Foster*, for appellants.

*W. Grigg*, for respondent.

LARREMORE, Ch. J. — [After stating the facts as above.] — In the affidavits submitted by defendants it is urged as a

ground for the dissolution of the injunction that the blasting they intend carrying on will not in any respect injure plaintiff's building. This they give as their opinion as experts, and they further intimate that they will proceed with proper caution, so as not to expose the building to any danger. But, if this be so, what substantial objection can they have to the continuance of the injunction? It merely restrains them from doing what they say will not be done anyhow. One of the strongest arguments for holding the injunction is the fact that defendants are so restive under it.

On the other hand, if plaintiff's allegations as to the reckless blasting heretofore indulged in and the resulting damage are true, he certainly has just reason for apprehension and valid cause to ask the interposition of equity. His allegations are denied, but the question of their truth or falsity could not be determined on affidavits.

The learned counsel for the defendants quotes a city ordinance requiring certain precautions to be taken in all cases of blasting, and seems to argue therefrom, that if its requirements are complied with, an excavator has discharged his whole duty, both to the public and his immediate neighbors, no matter what special circumstances may exist, and that it is beyond the power even of a court of equity to exact anything more from him. In this, I think, he errs. The ordinance is general in its application and for the protection of the public. It would require identically the same rules to be observed whether the rocks being blasted were situated in vacant lots or near the greenhouses of a florist. But a court of equity may go further, and when the special reason exists, compel the excavator to carry on the blasting without imperilling adjacent buildings. This he may do by using smaller charges and heavier coverings; and it is no answer to such requirement to say that more time will be consumed, and that the operation will be more expensive.

I have examined all the cases cited by the counsel for defendants, in which an injunction *pendente lite* was refused, and do not find any of them in point. In *New York Print-*

*ing and Dyeing Establishment* v. *Fitch* (1 Paige 96), for instance, the application was for an injunction against landing passengers from a steamboat on a dock belonging to another. It was there very properly held that no irreparable injury would result from denying a temporary injunction. But, in the case at bar, I think the following language from Mr. High's work on Injunctions (§ 707) states the governing rule :

"So when defendants, in erecting a building upon a lot adjoining the premises of complainants, are removing bricks from the wall of their building, to its great injury and detriment, the act, although a trespass, is of such an irreparable character as to warrant an injunction."

The principle here involved is analogous to that stated by the text writer (see also *Poughkeepsie Gas Co.* v. *Citizens' Gas Co.,* 89 N. Y. 493 ; *Fox* v. *Fitzsimmons,* 29 Hun 574 ; *Tribune Assoc.* v. *The Sun,* 7 Hun 175 ; and *Bagaley* v. *Vanderbilt,* 16 Abb. N. Cas. 359).

In my opinion plaintiff has adequate cause to fear irreparable injury, as the authorities have defined that expression, and the order continuing the injunction should be affirmed, with costs.

VAN HOESEN and BOOKSTAVER, JJ., concurred.

Order affirmed, with costs.