WILSEY v. CALLANAN.

(Supreme Court, General Term, Third Department. December 8, 1892.)

1. BLASTING—THROWING STONES—INJUNCTION.
   Where, on motion to dissolve an injunction pendente lite, prohibiting defendant from throwing stones by blasting in a quarry, it appears that stones have been thus thrown by defendant several times on plaintiff's premises, sometimes crashing into her dwelling, the motion is properly denied.

2. SAME.
   The fact that defendant can conduct his business without casting stones on plaintiff's premises is no reason for dissolving such injunction, since it does not prohibit him from so doing.

Appeal from special term, Albany county.

Action by Carrie Wilsey against Peter Callanan for an injunction prohibiting defendant from throwing stones on plaintiff's premises by blasting, and for damages caused thereby. From an order denying a motion to dissolve an injunction issued pendente lite, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

William C. McHarg, (Matthew Hale, of counsel,) for appellant.
Andrew Vanderzee, for respondent.

HERRICK, J.   The defendant is enjoined from throwing stones on the premises of the plaintiff by blasting in his quarry. The affidavits show that stones have been, from time to time, thrown upon the plaintiff's premises by the defendant, sometimes crashing into and through her dwelling house. The plaintiff is not at all unreasonable in asking that such a dangerous proceeding be stopped. That the court has power to stop it by injunction cannot be questioned. And where, as in this case, the defendant professes to be able to carry on his business without casting the debris of his blast upon the plaintiff's premises, what substantial objection can he have to the continuance of the injunction? Rogers v. Hanfield, 14 Daly, 339. The injunction does not stop the defendant's business; it simply prohibits him from doing it in such a manner as renders it a nuisance to the plaintiff, and a menace to life and limbs. It seems to me, under such circumstances, it would be an abuse of the court's discretionary powers as to granting injunctions pendente lite to refuse to restrain the defendant from doing that which is not necessary to enable him to carry on his business, and the doing of which may result in great injury to the plaintiff. The order should be affirmed, with $10 costs and printing and other disbursements. All concur.