EMELINE PETTIT, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*A structure or business authorized by the Legislature is not a nuisance per se — it may become so by reason of circumstances.*

Whenever a franchise is granted by the Legislature to erect a structure or carry on a business, the erection of the structure or the carrying on of the business is not, and cannot, of itself be unlawful or a nuisance. It may, however, become a nuisance because of the manner of its operation or of its construction, or by reason of its location under certain circumstances. Everything that is necessarily and naturally incident to its operation is embraced within the franchise and is not a nuisance although it may operate as such; damage caused thereby to third persons is *damnum absque injuria.*

It is lawful for a railroad company in connection with the operation of its road to erect and operate steam pumps, using coal which generates and discharges smoke, but if the machinery is so located that its operation becomes a nuisance, when its location might have been such that it would not have become a nuisance to others, it may be declared a nuisance by reason of such location, and damages may be recovered by one who receives therefrom injury or damage peculiar to himself.

The fact that a pump operated by steam and used in connection with a railroad is erected alongside a highway, and that it emits smoke and steam, and makes some noise, is not sufficient to constitute a nuisance, although the smoke settles upon such highway when the wind is in a certain direction.

APPEAL by the plaintiff, Emeline Pettit, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Greene on the 10th day of October, 1893, upon the dismissal of the complaint directed by the court after a trial at the Greene Circuit before the court and a jury, with notice of an intention to bring up for review on such appeal the decision of the court dismissing the complaint.

This action was brought to recover damages for personal injuries sustained by the plaintiff in being thrown from a wagon.

The complaint alleged the erection and operation by the railroad company of a steam pump situated by the side of a traveled highway; that such pump was used for the purpose of supplying water as required for the needs of the railroad; that during the operation of such pump, the smoke and steam generated thereby spread over the highway in such manner as to frighten horses; that such construction and operation of the pump was a nuisance and dangerous to the safety of persons traveling along said highway in wagons drawn by horses, and that by reason of negligence on the part of the defendant in the operation of such steam pump, the plaintiff sustained the injuries for which she sought to recover damages in this action.

The opinion of the trial justice in granting the defendant's motion for a nonsuit was as follows:

FURSMAN, J.:

This question is not altogether free from difficulty. I foresaw yesterday that it must arise from the direction which the evidence was taking under the examination of counsel.

Whenever a franchise is granted by the Legislature to erect a

structure or to carry on a business, the erection of the structure or the carrying on of the business is not, and cannot of itself be unlawful or a nuisance. It may become a nuisance by reason of the manner of its operation or of its construction, or by reason of its location under certain circumstances. The structure being thus authorized by the Legislature, and its being, therefore, legal and not a nuisance of itself, everything that is necessarily and naturally incident to its operation is embraced within the franchise, and is, therefore, not a nuisance, although it may operate as a nuisance and damage to the injury of some. In such case the law says it is *damnum absque injuria* — an injury from which damages do not flow.

Now this structure was a lawful structure, and was authorized by the Legislature, because it is within the franchise granted by the General Railroad Act. It is a necessary incident to the operation of railroads that they should take water, and where they cannot obtain it by gravity they can take it by operation of pumps. They can operate pumps by steam and use the coal which generates and discharges smoke, and of course generates and discharges steam, and which is necessarily accompanied by considerable noise. These things are lawful because they are naturally and necessarily incident to the operation of the machine which itself is authorized by the franchise granted by the Legislature. If, however, this machine is so located that its operation necessarily becomes a nuisance to others, when its location might have been such that it need not and would not become a nuisance to others, I think the law is that it may be declared a nuisance by reason of such location, and damages may be recovered by one who receives injuries or damages peculiar to himself.

Now, there are two difficulties it is claimed in the way of recovery in this case. The first is, that the evidence does not show this pump and the operation of it to be a public nuisance. The proof as to the location (and so far it is in accordance with the allegation in the complaint) is, that it was erected alongside of a highway, a much frequented highway; that it emitted smoke and steam and made some noise.

The injury, so far as the plaintiff was concerned, is wholly attributed in the proof to the smoke coming out of this pumping

machine and descending upon and across the highway and its vicinity. There is no pretense or claim in the proof that the emission of steam or the noise of machinery had anything to do with the frightening of these horses.

Now, the proof is that it is only when the wind is in a certain quarter that the smoke crosses the highway at this point, and there is no proof whether the wind is in that quarter and the smoke therefrom comes across the highway once a day, once a week, or once a year. It did on this occasion, the wind being northerly, and the proof being that when the wind was northerly the smoke crossed the highway at this point.

Now, is it to be said that a structure is a nuisance because it is so located that at some particular time and under some particular circumstances, which are not proved to be frequent, or common, or usual, a certain result may flow, such as in this case?

Another objection raised is, that the complaint does not allege that this machine was originally improperly located, located so that by reason of its location it became a nuisance, or that by reason of its location (its operation in this location) it is maintained as a nuisance.

I think the complaint is defective in this particular. I do not think that upon either of these grounds the plaintiff has maintained a cause of action on the proof, and I, although reluctantly, grant a nonsuit.

*N. A. Calkins*, for the appellant.

*F. L. Westbrook*, for the respondent.

PER CURIAM:

We think the judgment should be affirmed for the reasons stated by the learned trial judge in granting the motion for a nonsuit. (See *Flinn* v. *The N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 11.)

The trial judge was correct in holding that the evidence did not show that the pump and the operation of it was a public nuisance. We think on the evidence he was not required to submit the question as to its being such to the jury. Hence the case of *Morton* v. *Mayor, etc., of New York* (140 N. Y. 207) and kindred cases cited

by appellant do not apply. All that was shown was that when the wind blew in a certain direction and in certain conditions of the atmosphere the smoke from the defendant's pump building settled down on the highway. It did not appear how often this happened. If defendant's building and its operation was a nuisance no railroad company could run its trains along or near a highway or through a public street, because when the wind would blow in a certain direction, and in certain conditions of the atmosphere, the smoke from its engines would settle down, as it often does, on the street. For the same reason a manufacturing establishment could not be located on or near a highway or street.

*Morton* v. *Mayor, etc., of New York* (*supra*) was a case where the city placed a building with pumping machinery on its premises adjoining those of plaintiff, and it was shown that the noise and vibration produced by the operation of the machinery rendered plaintiff's premises untenable. The other cases cited by plaintiff are of the same character. They were all cases of undoubted nuisances, the effect of which, in each instance, was to practically deprive the complaining party of his property. Those authorities were very different from this case, where all that appears is that when the wind is in a certain direction, occasionally (how often is not shown) the smoke from the defendant's structure settles down on the highway.

The judgment should be affirmed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.