(26 Misc. Rep. 574.)

### FINEGAN v. ECKERSON et al.

(Supreme Court, Special Term, Orange County. March, 1899.)

1. INJUNCTION—INJURY TO HIGHWAY.

An abutting lot owner may enjoin the unlawful destruction of the highway, inasmuch as he is entitled to access thereto, and to the lateral support thereof for his buildings.

2. ADJOINING LANDOWNERS—LATERAL SUPPORT.

The doctrine that the right to lateral support between adjoining owners does not include the support of an artificial structure does not apply where the excavation extends to a highway, and thus interferes with an abutting owner, since such owner is entitled to the lateral support of the highway for his building, as against a wrongdoer.

3. SAME—INJUNCTION—NUISANCE.

Since an abutting owner is entitled to the lateral support of the highway for his building, as against a wrongdoer; and as any unlawful interference with a highway is, per se, a nuisance, he will be entitled to an injunction restraining such interference, without showing negligence on the part of defendant.

Action by Julia Finegan against I. E. Eckerson and others for an injunction. Judgment for plaintiff.

Irving Brown, for plaintiff.

R. E. & A. J. Prime (Ralph E. Prime, of counsel), for defendants.

HIRSCHBERG, J. The plaintiff is the vendee in possession of premises on the southwest corner of Rockland and Jefferson streets, in the village of Haverstraw, Rockland county. The defendants are owners and tenants of the property adjoining and east of Rockland street, and north of Jefferson street, for a considerable distance. The defendants' property is used for brickyard purposes, and was excavated by them shortly before the commencement of this action to a great depth, so that the soil of Rockland and Jefferson streets, immediately adjacent to the plaintiff's premises, fell in the excavation made by the defendants, and has been carried away to within a few feet of the plaintiff's building. This action is brought for an injunction restraining further excavation, and for a restoration of the streets.

The decision of the appellate division on the appeal from an order granting a temporary injunction sustains the plaintiff's right to the relief sought. Finegan v. Eckerson, 32 App. Div. 233, 52 N. Y. Supp. 993. The facts established a special injury, inasmuch as the abutting owner is entitled to access, and a partial destruction of the street deprives the owner of that right, pro tanto. As a matter of fact, access is limited to the use of the sidewalk in front of the premises, the rest of the street having been excavated away. It is evident that further excavation would endanger the plaintiff's building, and although, as claimed by the defendants, the right to lateral support between adjoining owners does not include the right to the support of an artificial structure, that doctrine has no application to the case of a highway. Milburn v. Fowler, 27 Hun, 568. The plaintiff is entitled to the lateral support of the highway for her building, as against a wrongdoer; and as any unlawful obstruction or interference with a highway is, per se, a nuisance, negligence in the digging need not be shown.

The plaintiff is entitled to an injunction, and to the restoration of Rockland and Jefferson streets to the north line of Jefferson street, with costs. Ordered accordingly.