(26 Misc. Rep. 692.)

### SANDMANN v. BAYLIES et al.

(Supreme Court, Appellate Term. March 24, 1899.)

NUISANCE—CONSENT OF CITY—NEGLIGENCE.

The construction of iron cellar doors within the stoop line on a sidewalk, where maintained in the same position and condition for many years without any complaint from the city authorities, will be presumed to have been maintained with the city's consent, so as not to constitute a nuisance; and one injured by slipping on the doors can sue the owner for negligence, but not for maintaining a nuisance.

Appeal from city court of New York, general term.

Action by Jacob Sandmann against Nathalie E. Baylies and others. From a judgment of the general term of the city court, affirming a judgment dismissing the complaint (47 N. Y. Supp. 783), plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Dulon & Roe, for appellant.
Carter & Ledyard, for respondents.

GILDERSLEEVE, J. The complaint herein sets forth a cause of action based upon the alleged maintenance of a nuisance by the defendants. It is true that plaintiff claims that the action is also founded upon the alleged negligence of the defendants. We cannot, however, concur in this view. The complaint is solely for damages caused by the alleged maintenance of a nuisance. There is no allegation of negligence on the part of the defendants, or freedom from contributory negligence on the part of the plaintiff. The plaintiff's right to recover must stand or fall upon this charge of maintaining a nuisance. The complaint was dismissed at the close of the plain-

tiff's case, and consequently, according to the well-established rule, the court was bound to regard the plaintiff's testimony as true, and to draw from all the facts disclosed the inferences most favorable to the plaintiff.

The evidence established the following state of facts, viz.: The defendants were the owners of the Prescott House, an hotel on the corner of Spring street and Broadway, in this city. Belonging to and connected with this building was a vault or cellar, which was covered by two iron doors. These doors were within 5 feet of the building, and within the stoop line, while the sidewalk was over 17 feet wide on Broadway and 13 feet on Spring street. There was no railing there, and these doors were even with the sidewalk, and passers-by were in the habit of crossing over them as much as over the rest of the sidewalk. There was nothing to prevent any one from passing over these doors, nor anything to separate them from the rest of the sidewalk, or to indicate to passers-by that these doors were within the stoop line. The plaintiff was a man of 63 years of age, and did business at No. 535 Broadway. One day, about the middle of November, 1894, the plaintiff was hurrying around the corner on Broadway and Spring street, as it was raining, and he had no umbrella, when, upon passing over these doors, he slipped and fell, and received the injuries of which he complains. He had never before fallen in stepping over these doors, although he had passed over them frequently, and there is no evidence that any one else was ever injured by reason of these doors. At first the plaintiff says that he supposed he had crossed this vault cover, but had never noticed it; but later he swears that he noticed the doors, and never thought that they were dangerous. These doors were smooth and slippery. Since 1883 the doors in question had been old iron doors, in a ragged condition, and the surface was pretty well worn off, and very smooth. There was nothing to guard them. Between 1885 and 1889 these doors were composed of sheet iron, and were worn very smooth. From 1889 to 1893 the iron doors were smooth. One of the plaintiff's witnesses (a retired policeman) swears that from 1873 to 1889 these doors were not repaired or renovated, to his knowledge, and that he reported to the city authorities these doors as having a smooth surface. He (the policeman) had walked over these doors himself, but had never fallen down on them. Upon this testimony the complaint was dismissed on the ground that there was no evidence to sustain the charge of maintaining a public nuisance.

We are of opinion that the doctrine laid down by the court of appeals in the case of Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, is controlling in the case at bar. It was there held that while the public is entitled to have a street or highway remain in the condition in which it placed it, and whoever, without special authority, materially obstructs it, or renders its use hazardous, by doing anything upon, above, or below the surface, is guilty of a nuisance, still, when it appears that the act was done with the consent of the proper officials, the rule of liability is relaxed, and rests upon, and is limited by, the ordinary principles governing actions of negligence. And the consent of the city authorities may be inferred by many years of

use. And this consent relieves the defendant from the imputation of trespassing in doing the act consented to, and places him simply in the position of one liable for negligence, in the case of an omission to perform the act with due care for the safety of the public. Had the plaintiff herein brought his action for negligence, the question of defendants' want of proper care or negligence in maintaining the doors in an unsafe condition, under the state of facts above set forth, might have properly been submitted to the jury, provided plaintiff had sufficiently cleared himself from the imputation of contributory negligence, with regard to which latter question we are not called upon to express an opinion; but we do not think that he has sustained his action for a nuisance. From the fact that these doors were apparently in the same position and condition for a considerable number of years, without any complaint against their existence, or notice to remove them from the city authorities, so far as the evidence shows, it must be presumed that the doors were maintained with the consent and sanction of the city. See Jennings v. Van Schaick, 108 N. Y. 532, 15 N. E. 424; Babbage v. Powers, supra. As we have already said, the facts disclosed by the evidence show that plaintiff should have brought his action for negligence (see Matthews v. De Groff, 13 App. Div. 356, 43 N. Y. Supp. 237; People v. Collis, 17 App. Div. 448, 45 N. Y. Supp. 282), whereas the complaint is drawn solely for an action for a nuisance, in which action plaintiff has not shown himself entitled to recover.

The judgment appealed from should be affirmed, with costs. All concur.