## WEST *v.* STATE.

### Opinion delivered January 3, 1903.

1. NUISANCE—INDICTMENT.—An indictment for maintaining a nuisance, which alleges that defendant "wilfully and feloniously did create, commit and maintain a public nuisance by building and maintaining a pond in and about the town of" L., wherein are "drained and retained the washings and filth from a part of said town, endangering the health and to the detriment and annoyance of the entire community," is sufficient. (Page 145.)

2. INDICTMENT—FILING—NUNC PRO TUNC ENTRY.—The failure of the clerk to note properly the presentation and filing of an indictment is curable by a *nunc pro tunc* entry. (Page 145.)

3. EVIDENCE—EXPERT TESTIMONY.—A witness shown to be an expert may testify his opinion as to the probable effects of an alleged nuisance upon the health of the community. (Page 146.)

4. NUISANCE—SUFFICIENCY OF EVIDENCE.—Under an indictment alleging the creation of a nuisance in and about a certain town by building and maintaining a pond wherein are drained the filth from a part of the town, "endangering the health and to the detriment and annoyance of the entire community," it was not necessary to prove that the alleged nuisance will endanger and annoy every inhabitant of the town, but only those residing in the neighborhood of the pond. (Page 148.)

5. SAME.—Where an indictment for maintaining a nuisance charges that the nuisance endangers the health of the community, it is unnecessary to prove that the health of the community has already been injured. (Page 148.)

6. SAME—DEFENCE.—To an indictment for creating a nuisance by building a pond in a town in which are drained the washings and filth from a part of the town, it is no defense that much of the wash and filth which drained into the pond came from the negligently-kept premises of the state's witnesses. (Page 149.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

*J. H. Holland* and *T. B. Pryor,* for appellant.

Instruction No. 4 was abstract, and hence erroneous. 14 Ark. 530; 31 Ark. 684; 37 Ark. 580. Instruction No. 3 asked by appellant should have been given. 2 Whart. Cr. Law (10th ed.), 1425; 2 Greenleaf, Ev., § 473.

*Geo. W. Murphy, Attorney General,* for appellee.

BUNN, C. J. This is an indictment against the defendant, W. D. West, in the Greenwood district circuit court of Sebastian county, for creating and maintaining a nuisance, which, omitting formal parts, reads as follows, to-wit:

"The said defendant in the county and district aforesaid, on the 1st day of June, 1902, wilfully and feloniously did create, commit and maintain a public nuisance by building and maintaining a pond in and about the town of Lavaca, where is [are] drained and retained the washings and filth from a part of said town, endangering the health and to the detriment and annoyance of the entire community, against the peace and dignity of the state of Arkansas."

The defendant pleaded not guilty. Trial was had, and resulted in conviction of the defendant, and fine of one dollar and costs, and imprisonment if said fine be not paid. The defendant tendered his bill of exceptions, and prayed an appeal to this court, which was granted, after motions in arrest and for a new trial filed and overruled.

The motion in arrest was made on the grounds: "First, that the indictment does not state facts sufficient to constitute a public offense, within the jurisdiction of the court; second, that the indictment does not show that it was returned into court by the grand jury, and was not filed in open court as required by law."

The indictment is for a common-law offense, and is sufficient to put the defendant on notice of what he is required to answer and defend against.

The failure of the clerk to properly note the presentation and filing of the indictment was corrected by the *nunc pro tunc* order of the court, shown in the corrected record. The motion in arrest was, therefore, properly overruled.

The facts in evidence briefly stated, are as follows, to-wit: The defendant was the owner of a steam mill and gin near the town of Lavaca, in the Greenwood district of Sebastian county, the local jurisdiction of the trial court. After many unavailing and

unsuccessful efforts to obtain a sufficient supply of water for the operation of his machinery, the defendant finally, with the assent of all or most of the persons residing in the neighborhood, purchased a sag or hollow leading down from the suburb of the town, and excavated a portion of it, and erected a dam across it below the excavation, so as to create a pond of about two acres in extent. Into this pond, the washings and filth of the neighboring premises flowed, and corrupted the water, so as to create an offensive odor and stench, which greatly annoyed, inconvenienced and discommoded some of the people residing in the immediate neighborhood, and was calculated so to annoy, inconvenience and discommode all who came within the sphere of its influence. The neighborhood was a more or less populous one, containing 30 to 40 residences and business houses, and there was a public highway running by the pond thus formed and corrupted, leading out from the town into the country and to other neighboring towns.

The evidence showed, also, that, while the pond was a new one, and for that reason had not developed its full injurious effect, had not shown its effect upon the health of the community, yet, according to the natural course of events, it would become a serious detriment in that respect.

After verdict, the defendant presented his motion to set aside the same, and for a new trial.

It was objected, in the course of the trial, that the opinion testimony of witnesses Bennefield, King and Ingraham should not have been admitted, and this objection was reserved in the motion for new trial. These witnesses each showed himself competent to testify as an expert on the particular subject of the probable effects of a nuisance of the kind upon the health of the community in the future, and, as this was the only opinion testimony either of them gave, we are of opinion that it was admissible, and that this objection was not well founded, and was properly overruled.

It was also objected that the court erred in the giving of instructions 1, 2, 3, 4 and 5 asked by the state, and in overruling instructions 1, 2, 3 asked by the defendant, and because the verdict was contrary to both the law and the evidence.

The evidence was amply sufficient to sustain the allegations in the indictment, and the verdict was authorized by the instructions.

The only remaining question raised by the motion for new trial is as to the correctness of the instructions.

In argument it is contended by defendant's counsel that the instructions given by the court simply announced abstract principles of law, and were not applicable to the evidence in the case, and that this, of itself, was error. The instructions given by the court were five in number, and the question of whether or not they were properly given can best be settled by first copying them at length.

They are as follows, to-wit:

"1.   Whatever is openly injurious to public health and comfort is a nuisance.

"2.   If you find from the evidence beyond a reasonable doubt that the defendant wilfully and unlawfully did create, commit and maintain a public nuisance by building and maintaining a pond in and about the town of Lavaca, wherein are drained and retained its washings and filth from a part of said town, endangering the public health, and if said pond is so constructed and maintained that it will, in the regular course of events, be likely to generate disease or communicate infection to the detriment and annoyance of the community, then you should convict the defendant.

"3.   As a matter of law, the court instructs you that it is not necessary that all the members of a community should be affected by the nuisance, nor is it a defense that there were some persons by whom the nuisance was approved.

"4.   The nuisance must be in a populous neighborhood or in a place sufficiently contiguous to a public highway to affect persons passing and repassing. In other words, a nuisance, to be indictable, must have within its range either the community generally or those persons passing or repassing on a public road. It is not necessary, in order to make an alleged nuisance to be indictable, that it should be detrimental to the public health. It is sufficient for this purpose if it be generally offensive to the sense of smell, so far as concerns the public at large, or if in any other way it produces general physical discomfort.

"5.   Whether the act complained of is a nuisance to the community is to be determined inferentially from the facts in the case, as well as from the testimony of experts as to the probable operations of the constituents, of which the nuisance is composed, or the health or comfort of the community."

It will be borne in mind that the defendant had asked, before the court gave the foreging instructions, that his three several instructions be given, which the court had refused to do, but, instead

thereof, gave the five copied above, as asked by the state. The first of the three instructions asked by the defendant and refused by the court was as follows, to-wit:

"1. The indictment in this case alleges that the defendant has committed a nuisance by constructing and maintaining a pond, to the detriment of the health and to the annoyance of the community of Lavaca. Before you can convict the defendant, you must find from the evidence, beyond a reasonable doubt, that said pond is a detriment to the health of the community, and is an annoyance to the people of the community. To the detriment of the health of the community means to the injury or damage of the health of the community."

This instruction was refused, and properly so. The object of the defendant in asking it, or one object at least, was manifestly to obtain from the court an expression to the effect that, in order to establish the existence of a public nuisance under the indictment, it would be necessary to show that the health of the whole community of Lavaca was endangered, and that the inhabitants thereof were annoyed or inconvenienced.

While it is true that the indictment charges that the nuisance endangered the health and was a detriment and an annoyance to the entire community, yet that must not be understood in the sense that the evidence must absolutely and definitely show that every one in the community was thus personally annoyed and inconvenienced, or that the health of the community had already suffered injury; for the proposition would devolve upon the prosecution the burden of showing that each and every one of the community had suffered annoyance or inconvenience, which ordinarily can only be shown by the testimony of each one who is injured—a thing impracticable, if not impossible, in most cases. The thing necessary to be shown in such case is that the nuisance, in its very nature, and in the natural course of events, will thus annoy and inconvenience every one who comes within the sphere of its influence, or that it will in such natural course endanger the health of the community, not merely that it has already done so.

It must be said, however, that the indictment in this case, while good for the purpose of the particular judgment rendered, is not for a continuing nuisance, and therefore evidence of probable future effects is little to the purpose of the case, except to show the character of the existing nuisance.

Besides, the words "entire community," contained in the indictment, do not refer to or mean the entire community of the town of Lavaca, as would seem to be implied from the language of the instruction asked, but rather has reference to the community about the pond, or the immediate neighborhood of the pond.

The effect of a nuisance is not absolutely confined to the fixed limits of a town, or to the fixed limits of any named locality; nor can its influence be shown to extend over all the territory of a fixed and definite locality.

The same objections may be made to the second and third instructions asked by the defendant and refused by the court. Looking at the instructions in the light that they were intended, in some sense and to some extent, to answer the defendant's objection to the overruling his instructions, we are of opinion that, upon the whole, the instructions given by the court were concrete, and not abstract, and were based upon, and applicable to, the evidence in the case.

In argument, counsel for defendant contend that their showing from the evidence that much of the wash and filth which corrupted the water of the pond, and created the stench complained of, came from the negligently-kept premises of one or two of the witnesses for the state must in some way be taken as a defense for the defendant. That might be a good argument in a civil suit for damages against the defendant by these witnesses, but they are not parties to this prosecution, and contributory negligence of private persons is no defense in a public prosecution.

The judgment for the fine and costs is affirmed, since it is responsive to the verdict, and the verdict in so far is sustained by the evidence.