## SUPREME COURT—APP. DIVISION—THIRD DEPT.,
### May 8, 1912.

### THE PEOPLE v. EDWARD BINK.

(135 N. Y. Supp. 733; 151 App. Div. 251.)

(1) DEMURRER TO INDICTMENT—RIGHT OF PEOPLE TO APPEAL.

The People may take an appeal from a judgment which sustains a demurrer to an indictment, although the right to resubmit the case to the grand jury has been asked for and allowed.

(2) NUISANCE.

Acts become criminal in their nature, within the definition of sec. 1530 of the Penal Law, which defines a public nuisance as the unlawful doing of an act which annoys, injures, or endangers the comfort, repose, health or safety of any considerable number of persons, when such a considerable number of persons are annoyed by such acts.

(3) SAME—SUFFICIENCY OF INDICTMENT.

For the reason that acts which annoy of necessity injure the comfort and repose of others, an indictment which charges that the acts complained of " annoyed " a considerable number of persons held sufficient to charge acts which not only annoyed, but which also injured the comfort and repose of a considerable number of persons, and also sufficient to give the defendant proper and full notice of the charge against him.

BETTS, J., dissents.

APPEAL from Saratoga County Court.

Edward Bink was indicted for maintaining a public nuisance. His demurrer thereto was sutained, and the People appeal. Reversed, and demurrer overruled, with leave to defendant to plead anew.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS and LYON, JJ.

*William T. Moore,* of Mechanicville, for the People.

*Leary & Fullerton,* of Saratoga Springs (*Walter A. Fuller-ton,* of Saratoga Springs, of counsel), for respondent.

SMITH, P. J.:

The indictment challenged charged that the defendant, near a public highway in the town of Stillwater, upon which said public highway a large number of people were daily passing and repassing, and in the vicinity and near the dwelling houses of a large number of people then and there living and residing, did unlawfully keep, maintain, and conduct a certain building, stove, boiler, cauldron, place, and establishment, and did cause and procure to be kept, maintained and conducted a certain building, stove, boiler, cauldron, place, and establishment, for the purpose of cooking, boiling, melting, trying, and rendering putrid and decayed meat, bones and tallow, and did then and there cook, boil, melt and render large quantities of putrid and decayed meat, bones and tallow, by reason of which unwholesome gases, vapors, odors, and stenches were emitted, so that the air at different times became filled and impregnated with the smokes, gases, vapors, odors, and stenches, and was thereby rendered corrupt, offensive, and unwholesome, and that by reason thereof the defendant did seriously annoy a considerable number of persons then and there passing and repassing upon said public highway, and then and there living and residing in the vicinity of said building, stove, etc. The indictment then named several persons who were annoyed thereby. To this indictment the defendant demurred, and his demurrer has been sustained by the court below, and from the order sustaining the demurrer this appeal is taken by the people.

The first question raised is as to the right of the people to appeal. In the decision sustaining the demurrer the right was given to resubmit the case to the grand jury, and it is claimed that with the privilege of resubmission the people have no right to appeal. The right of appeal is given by section 518 of the

Code of Criminal Procedure, which authorizes an appeal by the people " upon a judgment for the defendant, on a demurrer to the indictment." This right of appeal is not conditioned upon the fact that no right of resubmission is given. The appeal is not from the order allowing or directing a resubmission, but from the order and decision sustaining the demurrer to the indictment. If that indictment be deemed by the district attorney to be a good one, we see no reason why the matter should be returned to the grand jury, or why the right to resubmit should take from the people the right of appeal which is given unconditionally by the statute above cited. The case of the People v. Zerillo, 200 N. Y. 443, 93 N. E. 1108, cited by the defendant, was an appeal by " the defendant " from an order of resubmission, and not an appeal by the people from a decision sustaining a demurrer to an indictment.

This brings us to the merits of the appeal. By section 1530 of the Penal Law (Consol. Laws 1909, ch. 40) a public nuisance is defined as the unlawful doing of an act which " annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons." The demurrer has been sustained on the ground that the allegation is simply that the acts of the defendant " annoyed " a considerable number of persons, omitting any act that it " injured the comfort, repose, health or safety " of such persons. By reasonable interpretation, however, the acts become a crime within the statute when they annoyed a considerable number of persons. To interpret the statute that such acts must annoy " the comfort, repose, health or safety " of those persons would be an unnatural straining of the provisions of the act.

Moreover, you cannot annoy a person without injuring his comfort or repose, and, however strictly the statute should be construed, the crime is fairly alleged, so as to give the defendant full notice of the charge intended to be made against him, and any imperfection in its statement in no way tends to prejudice

the substantial rights of the defendant upon the merits. See People v. Helmer, 154 N. Y. 596, 49 N. E. 249; People v. Willis, 158 N. Y. 392, 53 N. E. 29; People v. Lammerts, 164 N. Y. 137, 58 N. E. 22. We are of opinion that the demurrer was improperly sustained, and therefore that the order should be reversed and the demurrer overruled, with leave to defendant to plead anew.

Judgment reversed and demurrer overruled, with leave to defendant to plead anew. All concur, except Betts, J., dissenting.

---

## NOTE ON NUISANCES.

PUBLIC NUISANCES.—GENERALLY.

Where by the erection of a mill-dam the health of the neighborhood is threatened in a manner not foreseen by the jury on the inquest *ad quod damnum*, the commonwealth may issue an indictment for the nuisance. *Commonwealth v. Gark*, 1 A. K. Marsh (Ky.) 323.

A public nuisance indictable at common law. *Hudson River R. Co. v. Loeb*, 7 Rob. 418.

A foreign corporation may be indicted for causing a common nuisance. *State v. Paggett*, 8 Wash. 579.

Actual disturbance of peace not necessary to constitute the crime. *State v. Ayers*, 88 Pac. (Ore.) 653.

An intent to maintain a nuisance in the future is not a misdemeanor. *State v. Schaffer*, 31 Wash. 305.

A prosecution for creating and maintaining a nuisance is not affected by Ohio Rev. St. section 6920, providing that "the continuance of any nuisance for five days after prosecution commenced therefor shall be deemed an additional offense," where it is not charged that there has been a prior prosecution, or that the offense charged is an additional offense. *Terry v. State*, 24 Ohio Cir. Ct. 111.

In the absence of special injury to an individual, indictment is the usual and proper remedy. *Hill v. Boston*, 122 Mass. 344.

PRIVATE NUISANCES.

The having and keeping of large quantities of high explosives with blasting caps in one pile, held, under the circumstances of the case, to be criminal. *People v. Lewis,* 25 N. Y. Crim. 444.

The streets and avenues of New York City are highways, and the storing of a wagon in the highway is a nuisance, the primary use of the highway being for the purpose of permitting the passing and repassing of the public, and it is entitled to the free and unobstructed use of the entire width of the highway for that purpose. *People v. Comisky,* 25 N. Y. Crim. 591.

A dam, though lawfully used for fifty years, may be removed, if so operated as to cause a public nuisance. *People v. Pelton,* 14 N. Y. Crim. 64.

Village trustees as commissioners of highways cannot authorize the erection of a nuisance on the highway or legalize its continuance. *People v. Fowler,* 10 N. Y. Crim. 159.

WHEN INDICTABLE.

A dam not a nuisance when constructed may ultimately become one, and its simple maintenance would then become a subject of indictment. *People v. Pelton,* 36 App. Div. 450; aff'd 159 N. Y. 537.

A pantomime consisting of a scenic representation of a bride and bridegroom upon the night of their wedding-day, in which the bride undresses herself completely and puts on her night-gown, without exposing her person unduly, is indictable. *People v. Doris,* 14 App. Div. 117.

HELD TO BE NUISANCES.

A house kept for the purpose of practicing there the vocation of an *abortionist* is a public nuisance. *People v. Hoffman,* 118 App. Div. 162.

A *crematory* may be a nuisance. *Laird v. Atlantic Coast, etc.,* 67 Atl. (N. J.) 387.

An *oil refinery* may be a nuisance by reason of the fumes given off. *Green v. Sun Co.,* 32 Pa. Super. Ct. 521.

*Laborers quartered* on a railroad right of way may be a nuisance. *Southern v. Commonwealth,* 101 S. W. (Ky.) 882.

The *publication* of an advertisement calculated to unnecessarily alarm the public mind is an indictable nuisance. *Commonwealth v. Cassidy,* 6 Phila. (Pa.) 82.

A *barn* may become a nuisance through being so constructed as to injure the safety of persons passing along the adjacent street. *Holroyd v. Sheridan*, 53 App. Div. 43.

Where defendants had maintained, and were still maintaining, a large number of *hives of bees*, kept in an open lot immediately adjoining plaintiff's dwelling-house, and at certain seasons they were a constant source of annoyance and discomfort to plaintiff and his family, greatly impairing the comfortable enjoyment of the property, and the bees could be removed, without material injury, to a locality where neighbors would not be disturbed by them, it was a proper case for a permanent injunction. *Olmsted v. Rich*, 3 Silv. Sup. 826.

*Blasting* may be a nuisance where it is injurious to neighboring property owners. *Willsey v. Callanan*, 21 N. Y. Supp. 165.

A *bone or fat* boiling establishment which infects the air about a person's residence with noisome smells and gases is a nuisance. *Cropsey v. Murphy*, 1 Hilt. 126.

A *boom* across a river may be a nuisance. *Pascagoula v. Dixon*, 77 Miss. 587.

Held to be a nuisance for the owner of mill property and a raceway connected therewith, which runs across a highway, to permit a highway *bridge* over such raceway to remain out of repair. *Clay v. Hart*, 25 Misc. 110.

*Cement works* have been held to be a nuisance. *Bentley v. Empire*, 48 Misc. 457.

A *coal yard* may be so used as to become a nuisance. *Russell v. Popham*, 3 N. Y. Leg. Ob. 272.

A *dam* erected and maintained without authority across a stream, the title to the bed of which is in the state, is a public nuisance *per se*. *People v. Page*, 39 App. Div. 110.

A structure which has become so *dilapidated* through neglect as to become dangerous to passersby, thereupon becomes a nuisance. *Uggla v. Brokaw*, 117 App. Div. 586.

The operation of an *electric light plant* in a residential section may become a nuisance. *Pritchard v. Edison*, 92 App. Div. 178.

The manufacture, storage or keeping of *explosives* in large quantities in the vicinity of dwellings. *Booth v. Rome*, 140 N. Y. 267.

A structure of such size and shape as that in the winter large quantities of *ice* collect thereon and thereafter fall.    *Davis v. Niagara Falls*, 171 N. Y. 336.

A *gaming house* is a nuisance.    *In re Butler*, 1 City Hall Rec. 166.

A *hospital* may be so located as to become a nuisance.    *Gilford v. Babies' Hospital*, 1 N. Y. Suppl. 448.

*Livery stable* may be so located as to be unreasonably detrimental to neighboring property, and thereby becomes a nuisance.    *Filson v. Crawford*, 5 N. Y. Suppl. 882.

The operation of *machinery* may cause such injury to the owner of adjoining property as to entitle him to relief.    *Bowden v. Edison*, 29 Misc. 171.

An *obstruction* on the highway.    *Hudson River v. Loeb*, 4 Rob. 418.

An unlawful interference with the *highway* is *per se* a public nuisance. *Finegan v. Eckerson*, 26 Misc. 574.

*Logs piled* in a highway near the travelled track.    *Lawton v. Olmsted*, 40 App. Div. 544.

*Overhanging eaves.    Aiken v. Benedict*, 39 Barber 400.

A *placard* carried about the streets.    *Gilbert v. Mickle*, 4 Sandf. Ch. 357.

A *pond* may become a nuisance.    *Yonkers v. Cupcutt*, 71 Hun, 149.

A *slaughter-house* when located near an inhabited locality.    *Brady v. Weeks*, 3 Barb. 157.

A *steam-engine.    Kokum v. Hotel St. George*, 18 Abb. N. C. 340.

A *steam-hammer.    Smith v. Ingersoll*, 7 Misc. 374.

A defective *watercloset.    Finklestein v. Huner*, 77 App. Div. 474.

HELD NOT TO BE NUISANCES.

The *transmission of electricity* at a high voltage over a right of way, under authority of law.    *Mull v. Indianapolis*, 81 N. E. (Ind.) 657.

The operation of a *bakery* in a reasonable and proper manner.    *Alexander v. Stewart*, 21 Pa. Super. Ct. 526.

The carrying on of *banking* contrary to law.    *Atty. Gen. v. Niagara Bank*, Hopk. 354.

*Blasting* rock on one's own land, with reasonable care. *Booth v. Rome,* 140 N. Y. 267.

A *bridge* across a railroad track, of insufficient height. *Neff v. N. Y. C.,* 80 Hun, 394.

*Cellar-doors. Sandman v. Baylies,* 26 Misc. 692.

*Coal-sheds* and coal yards. *Russell v. Popham,* 3 N. Y. Leg. Ob. 272.

Obstructing passage of *fish* in an unnavigable stream. *People v. Platt,* 17 Johns. 195.

The mere keeping of *gunpowder* unless in a negligent manner. *People v. Sands,* 1 Johns. 78.

A display of *fireworks* in a city park. *De Agramonte v. Mt. Vernon,* 112 App. Div. 291.

*Fireworks* in a city street. *Melker v. N. Y.,* 190 N. Y. 481.

A *livery stable* in a city or town. *Stilwell v. Buffalo,* 4 Suppl. 414.

The cutting or polishing of *marble. Butterfield v. Klaber,* 4 How. Pr. 255.

A *platform* alongside a wholesale grocery. *Murphy v. Leggett,* 164 N. Y. 121.

A *pumping station* near a highway. *Pettit v. N. Y. C.,* 80 Hun, 86.

Advertising signs on *public* vehicles. *Fifth Ave. v. New York,* 38 N. Y. L. J. 95.

A *stairway* fronting on the street. *Williams v. Hynes,* 55 N. Y. Super. Ct. 86.

PRIVATE NUISANCES.

The maintenance of a private nuisance is not an indictable offense, and although a town may acquire a right of way by grant, such way will be private way, and a nuisance thereon will not be indictable. *Commonwealth v. Low,* 3 Pick (Mass.) 408.

BY STATUTE.

A statute making "any public nuisance" a misdemeanor, sufficiently defines the offense. *Burk v. State*, 27 Ind. 430.

The maintenance of a privy so that disease producing germs drain into a natural stream forming part of a city's water-supply, is an indictable nuisance. *Commonwealth v. Yost*, 11 Pa. Super. Ct. 323.

Where the statute does not define a public nuisance the common law must be looked to in order to determine whether an act complained of is a public nuisance. *Sopher v. State*, 81 N. E. (Ind.) 913.

The right of abating or indicting a public nuisance is not affected by a statute imposing a penalty for the offense, unless negative words are added, evincing an intent to exclude common-law remedies. *Renwick v. Morris*, 7 Hill, 575.

Laws of 1892, c. 646, declaring that "it shall not be lawful for any person or persons to engage in or carry on the business of fat rendering, bone boiling, or the manufacture of fertilizers, or any business as a public nuisance" within the corporate limits of any city, or within three miles therefrom, did not intend to prohibit the carrying on of the business of fat rendering in a city, irrespective of the manner in which it was conducted, but only the carrying on of such business "as a public nuisance" and therefore a judgment convicting defendant of carrying on such business, rendered under an indictment containing no allegation that he was conducting it as a public nuisance, was erronous. *People v. Rosenberg*, 138 N. Y. 410, 10 N. Y. Crim. 433.

DEFENSES.

No defense that the corporation through whose neglect of duty the nuisance exists, is financially unable to abate it. *Baltimore v. State*, **63 Md.** 573.

No defense to a prosecution for creating a nuisance by discharging offensive substances into an artificial watercourse that the municipal corporation had failed to provide adequate drainage. *Mergentheim v. State*, 107 Ind. 567.

No defense that the alleged nuisance is connected with a large and flourishing business enterprise. *Commonwealth v. Van Sickle*, Brightly 69, 4 Pa. L. J. Rep. 104.

No defense that municipal authorities have failed to designate or assign a place in which the business complained of can be carried on. *State v. Hart*, 34 Me. 36.

. Under Penal Code 385, defining a public nuisance as unlawfully doing an act or omitting to perform a duty, thereby injuring anyone, or endangering the health, repose or safety of any considerable number of people, and section 387, making the maintenance of such a nuisance a misdemeanor, a person who lawfully maintains a dam across a watercourse within a city in such manner as to cause a public nuisance is liable, notwithstanding the municipality has control of the watercourse and the dam, and is bound to keep the watercourses clean. *People v. Pelton*, 36 App. Div. 450; 14 N. Y. Crim. 64.

It is a defense that the nuisance was created by the burning of infected bedding during a small-pox epidemic. *State v. Knoxville*, 12 Lea (Tenn.) 146.

Not a complete defense that defendant acted as agent for another, but this may be urged in mitigation of penalty. *State v. Bell*, 5 Port. (Ala.) 365.

The fact of abatement, though not a perfect defense, may cause the imposition of a nominal fine, or an acquittal by consent of the prosecuting attorney. *Rex v. Dunraven*, W. W. & D. 577.

INDICTMENT.

In an indictment for the continuance of a nuisance previously erected by another person, the facts ought to be set up circumstantially. *State v. Brown*, 16 Conn. 54.

Where an indictment against a railroad for maintaining a nuisance by the erection of a bridge and approaches thereto was uncertain in its allegations as to whether the bridge complained of was erected across a turnpike for cars to pass over, or across the railroad for public travel, it was demurrable. *Commonwealth v. Louisville*, 6 S. W. (Ky.) 517.

An information alleging that defendant polluted an ancient stream thereby rendering the water unfit to drink, "to the common nuisance of the people" but failing to allege that the stream is one in which the public has rights, is demurrable. *State v. Houck*, 73 Ind. 37.

WHO LIABLE.

A husband while acting as the agent of his wife cannot be made liable and punished for continuing a nuisance upon her lands. *People v. Crounse,* 7 N. Y. Crim. 11.

EVIDENCE.

On a trial for keeping a slaughter pen producing offensive odors, alleged to constitute a common nuisance offensive to all citizens passing along an adjacent public highway, it is necessary to prove that the road upon which the citizens were annoyed is a public highway. *State v. Wolf,* 112 N. C. 889.

Where an indictment for a nuisance established near a town charged that the nuisance endangered the health and was to the detriment and annoyance " of the entire community " it was not necessary to show that everyone in the town had been personally inconvenienced. *West v. State,* 71 Ark. 144.

It is error to permit witnesses to state what other persons, while professing to smell the obnoxious stench complained of, said to them on the subject. *Gloystein v. Commonwealth,* 33 S. W. (Ky.) 824.

Evidence offered on behalf of the defendant that the tramway complained of was used by a number of persons, and that it afforded a cheaper and easier mode of travelling than by ordinary conveyance, was held inadmissible. *Reg. v. Train,* 9 Cox. C. C. 180.

In a prosecution for creating and maintaining a nuisance by carrying on a business producing " noisome and offensive odors " evidence of the existence of the odor at times other than that charged in the indictment is inadmissible, especially when, if such evidence was admitted, it would not tend to prove that the odors complained of were produced during the time charged. *Terry v. State,* 24 Ohio Cir. Ct. 111.

Evidence held sufficient in *N. Y. v. Johns-Manville Co.,* 89 App. Div. 449.

Evidence that a single person living in the vicinity of a slaughter pen was annoyed by the offensive odors emanating therefrom is insufficient in a criminal prosecution to show a public nuisance. *State v. Wolf,* 112 N. C. 889.

Where the act complained of is the taking of property dedicated to the use of the public and appropriating it to private use, thereby wholly ex-

cluding the public from the enjoyment of it, the respondent is not entitled to have the question whether the act is a nuisance submitted to the jury, as such act is, in law a nuisance, for the commission of which there can be no justification. *State v. Woodward*, 23 Vt. 92.

Where on the trial of an indictment charging the defendant with creating a public nuisance by removing the earth constituting the natural lateral support of a public highway, it appears that the defendant, although the owner of the land, had leased it prior to the excavation, and although not carrying on the excavation himself, had been present and at times directed his tenants where to dig and how to work certain clay deposits, the question as to whether the defendant was a "principal" within the meaning of section 29 of the Penal Code should be submitted to the jury, if the commission of the crime has been established. *People v. Eckerson*, 23 N. Y. Crim. 506.

## DEFENSES.

Assuming that by laws of 1867, ch. 333 as amended by laws of 1870, ch. 158, the board of water commissioners of the city of Poughkeepsie has the entire control of Fallkill creek and of a pond created by a dam across said creek, and that it is its duty to keep the pond clear without reference to an agreement entered into with the owners of such dam and pond, and that if the board exercises properly its functions the dam and pond will not constitute a public nuisance, these considerations afford no defence to such owners where the maintenance of the dam or the method of its use causes a public nuisance. *People v. Pelton*, 36 App. Div. 450, aff'd 159 N. Y. 537.

Where defendant is accused of having wilfully and maliciously obstructed a public highway by causing water to flow thereon by constructing a dam on private land, evidence that such obstruction was made under direction and by authority of the Commissioner of Highways is admissible in defense. *People v. Crounse*, 7 N. Y. Crim. 11.

## VARIANCES.

On an indictment for erecting a dam, whereby animal and vegetable substances were collected, and became offensive, and corrupted the water, it was sufficient to prove that the injury was caused by the rise and fall of the water in the pond, or from the action of the sun upon the vegetable substances growing on the margin, although the stream was not a public highway. *People v. Townsend*, 3 Hill, 479.

TRIAL.

Where it appears that no substantial excavation was made within 200 feet of the highway and that, although a year had elapsed between the completion of the excavation and the trial, no subsidence or disturbance had occured in the street or in the ground between it and the edge of the excavation and no cracks had appeared therein, a charge that if such excavation "produced a condition such that that condition was reasonably certain to produce a sliding down of that highway to the extent of obstructing it and making it dangerous for passage, that the creation of that imminent peril was a condition within the meaning of the statute tending to obstruct and rendering dangerous for passage," is fatally erroneous. *People v. Eckerson*, 23 N. Y. Crim. 506.

Upon the trial of an indictment for public nuisance under section 385, penal code, for obstructing a highway, where it appears that lands have been dedicated by the owner to the public as a highway, the acceptance by the public which establishes the highway in question and the obstruction to it upon which the indictment is based may be found by one and the same jury. *People v. Loehfelm*, 4 N. Y. Crim. 158.

Upon the trial of an indictment charging the owners of a pond and dam with permitting them to become a public nuisance, it is error for the court to answer that the jury will have to assume that public officers do their duty, without also instructing them that the future action of officials have nothing to do with the case, and that their verdict must not be influenced thereby. *People v. Pelton*, 14 N. Y. Crim. 64.